Shirley L. HEIKES, next friend of Michael K. Hodges, a minor, Plaintiff-Appellee,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 12670.

United States Court of Appeals
Seventh Circuit.

Dec. 2, 1959.

has rendered in his matter, with little likelihood of adequate compensation being realized from the granting of the benefits sought.

The evidentiary facts are largely undisputed. Michael was born to plaintiff on January 15, 1953. In October, 1953 plaintiff moved with Michael to the home of her mother, Mrs. Susie Zimmerman, Colchester, Illinois. On February 8, 1955, plaintiff was divorced from Hodges and the court awarded her custody of the child and required Hodges to pay $7.50 a week for the child's support. On April 2, 1955, plaintiff was married to George Heikes. The district court, 168 F.Supp. 675, 676, said:

Alan S. Rosenthal, Atty., U. S. Dept. of Justice, Washington, D. C., Harlington Wood, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub, Asst. Atty. Gen., Bernard Cedarbaum, Atty., Dept. of Justice, Washington, D. C., Marks Alexander, Asst. U. S. Atty., Springfield, Ill., and John M. Daugherty, Asst. U. S. Atty., Peoria, Ill., for appellant.

Leonard C. Berry, Macomb, Ill., for appellee.

Before SCHNACKENBERG, PARKINSON [1] and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Arthur S. Flemming, Secretary of Health, Education and Welfare, defendant, has appealed from a summary judgment entered by the district court, reversing the decision of defendant, embodied in an appeals council decision. The court reinstated the decision of a referee awarding a child's social security insurance benefits to Michael K. Hodges, a minor.

It appears from defendant's brief that Edwin Hodges, father of Michael K. Hodges, was killed in a vehicular accident on October 17, 1955, and that Michael's child's benefits claim was filed by plaintiff on his behalf shortly thereafter.

The efforts to procure for this minor child benefits under the Social Security Act, 42 U.S.C.A. § 402 et seq., have already proceeded through the following levels: Bureau of Old-Age and Survivors Insurance of the Social Security Administration, Referee, Appeals Council, and United States District Court. Only the traditional loyalty and persistence of members of the bar can explain the extensive services which plaintiff's attorney

"Section 202(d) (3) of the Act provides in pertinent part, that a child who has not attained the age of eighteen is deemed dependent upon his natural father, and, therefore, entitled to insurance benefits upon the death of the natural father, (Section 202(d) (1) (C), unless at such time the father was not living with or contributing to the support of the child, and such child was living with and was receiving more than one-half of his support from his stepfather. Other exclusionary conditions of that subsection have no application to this case.

"On April 30, 1956, the Bureau of Old-Age and Survivors Insurance of the Social Security Administration denied plaintiff's application for child's benefits on the ground that the child, Michael, was, at the time of the death of Hodges, the natural father, living with and receiving more than one-half of his support from his stepfather, Heikes. Thereafter, upon plaintiff's request, a hearing was had before a Referee, who, on October 23, 1957, reversed the Bureau's determination and allowed plaintiff's claim. The Appeals

1. While Judge Parkinson participated in the hearing of oral arguments and a conference of the division judges above-named, he was not present at the time

of, and did not participate in, the adoption of this opinion. He concurred in the result reached in this opinion.

Council on its own motion then reviewed the Referee's decision and on January 21, 1958 reversed the decision and disallowed the claim. This proceeding followed."

At page 677, the district court, in referring to Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, said:

"While a court, within the scope of the principle announced in the Universal case, may not circumscribe the power of an administrative agency to reverse the findings of its referee or examiner within the narrow confines of the 'clearly erroneous' concept established by the Federal Rules of Civil Procedure, F.C.C. v. Allentown Broadcasting Corp., 349 U.S. 358, 75 S.Ct. 855, 99 L.Ed. 1147, it is the duty of a court in reviewing an administrative decision to consider both the evidence supporting and the evidence opposed to that decision. * * *"

At page 678 of 168 F.Supp., the district court said:

"Applying the teachings of these judicial pronouncements to the review of the decision here, is the Appeals Council's decision denying plaintiff's claim substantially supported by probative evidence upon the record as a whole? I think not.

"The only question in issue before the agency was that whether Heikes, the stepfather, at the time of the death of Hodges, was furnishing more than one-half of the support for the child on whose behalf the claim had been filed. * * *"

The court then proceeded to analyze the evidence relevant to that issue and came to the conclusion that the appeals council's decision is not supported by substantial evidence, saying, at page 679:

" * * * The Referee who heard the witnesses testify and who was in a superior position to determine their credibility found that Mrs. Zimmerman, not the stepfather, contributed more than one-half to the support of this child during the determinative period of time. The court cannot view the record as a whole other than as lending substantial support to the Referee's finding on this issue, not to that of the Appeals Council.

"The decision of the Appeals Council is reversed and the decision of the Referee awarding child's insurance benefits to Michael K. Hodges is reinstated."

We have carefully analyzed the record before us on this appeal and find that it supports the judgment of the district court and that court's above-quoted reasoning.

Therefore, we affirm the judgment below.

Judgment affirmed.