**William J. McCLEARY, Petitioner,**

v.

**Arthur S. FLEMMING, Secretary of Department of Health, Education and Welfare, Respondent.**

**Civ. No. P–2262.**

United States District Court
S. D. Illinois, N. D.
March 31, 1960.

608

Sinnett, Rink & Coryn, Rock Island, Ill., for plaintiff.

Harlington Wood, Jr., U. S. Atty., Springfield, Ill., for defendant.

MERCER, Chief Judge.

This cause is before the court upon the petition of William J. McCleary for review of a final decision by the respondent denying petitioner's application for a disability determination and for disability benefits under the Social Security Act. 42 U.S.C.A. § 423.

Petitioner's application for a disability determination was filed November 19, 1956. In that application, petitioner claimed that he had become disabled and unable to work on December 5, 1955, because of ulcers and bladder trouble, stating that he could not work because he could not lift and he could not eat and retain food on his stomach. The application for benefits was denied. Petitioner requested a hearing before a referee of the Social Security Administration. A hearing was had before a referee on the 18th day of November, 1958. In his testimony before the referee, petitioner stated, pertinently: that he was 61 years of age; that he had been employed as a millwright by Republic Steel Company from 1938 to September 1956; that he had undergone surgery in December, 1955 for the removal of an ulcer, and that part of his stomach was removed at that time; that Dr. L. S. Helfrich was the doctor who had performed the operation and attended petitioner at that time; that he had undergone a bladder operation in January, 1956, at which time he was attended, and the operation was performed, by a Dr. Perkins of Moline; that he returned to work in June or July of 1956 and continued working for Republic Steel Company until sometime in August, 1956, when his employer discontinued its steel milling operations at Rock Island; that he had sufficient seniority at the steel mill to have continued working for about a year longer while the mill was being dismantled but that he was not physically able to do so; that, unless he were able to lie down for a period of time after eating, he could keep nothing on his stomach and would vomit; that he was unable to lift or do heavy work and that he could not find other employment because he could not find an employer who would let him lie down after eating; and that his normal weight prior to the operation was 150 to 155 pounds and that he had lost weight following the operation to a low point of 118 pounds.

A brother-in-law testified that frequently petitioner would vomit after eating. The one specific event to which his testimony related was to the effect that, on the day of the hearing, and shortly prior to the hearing, petitioner had eaten some barbecued spare ribs and had immediately vomited.

Petitioner presented to the referee the affidavits of three fellow employees which stated in substance, that petitioner had required assistance in the performance of his work when he returned to Republic after his operation. In addition, the affidavit of petitioner's foreman states that petitioner could have worked another year with Republic while the mill was being dismantled, "but because of his physical condition we had to replace him with another man." Such affidavits are the only evidence relating to the question whether the employer considered petitioner unable to work.

The balance of the evidence presented before the referee was reports and statements by various doctors. Among these was the report of Dr. Helfrich, dated November 29, 1956, which stated that he had performed an operation upon petitioner in December, 1955, for duodenal ulcer and a gastric resection; that petitioner was last seen by him in May, 1956 and at that time, released for work; and that petitioner could do no heavy manual labor, but was able to do average work. Also introduced before the referee was a letter from Dr. Helfrich reporting an examination of petitioner, made on November 13, 1958. The doctor noted that, when petitioner had been examined in 1956 following the operation, he weighed 124 pounds, and that on November 12, 1958, his weight had increased to 131 pounds. The doctor further reported that examination of the abdomen was apparently negative, with no distention and that petitioner's hemoglobin was checked and found to be in the lower limits of a normal range. The doctor noted further that he had seen petitioner in August of 1958 after petitioner had struck his thumb with a hammer, and at such time, petitioner had made no complaint about being unable to eat or retain food, or any complaint about a stomach condition. The doctor concluded that, under all of these circumstances, he could not give petitioner a statement that he was disabled, unless objective observation over a period of hospitalization

should reveal the fact to be that petitioner was unable to retain food.

The report of Dr. Perkins states that he had performed a resection of a bladder tumor upon petitioner in January, 1956, with good results; that he saw petitioner at six-month intervals and had last examined him on September 13, 1956; that the condition described was static and that he had not advised petitioner that he could not work. Dr. Perkins concluded his report with the following remark: "This patient is under the care of Dr. L. S. Helfrich for resection of stomach which was done in December, 1955 and that condition is causing most of his disability." In addition to the above report, a letter from Dr. Perkins, dated November 15, 1958 was introduced before the referee. In that letter the doctor stated that he had made four rechecks of petitioner after removal of a carcinoma of the bladder in January of 1956 and that there "is no evidence of tumor recurrence and the patient's urinary tract was perfectly normal on these occasions." In addition, Dr. Perkins stated that petitioner had been unable to work because of a severe difficulty with his stomach and bowels and that "this man does not appear capable of any work."

A letter from a Dr. R. J. Belyea admitted in evidence by the referee, stated that he had, on November 13, 1958, examined the petitioner "and due to his physical condition, he is unable to work at a gainful occupation, and it appears as though it will be a permanent condition."

Upon the evidence as summarized, the referee filed his report and decision on April 9, 1959, finding and holding that petitioner was not entitled to a disability determination or to disability insurance benefits for which he had applied.

Petitioner requested review of the referee's decision before the Appeals Council of the Social Security Administration. The record was there supplemented by a letter dated April 11, 1959, from Dr. Henry Arp, which states that he had examined the petitioner and "I find that

he is physically disqualified to do work of any kind, mostly because of a stomach condition which has existed for 2½ years." The doctor concluded that he felt that petitioner was totally and permanently disabled and "definitely entitled to his social security on a disability basis." On August 24, 1955, the Appeals Council denied petitioner's request for review of referee's decision, which became the final administrative decision which is before the court on this petition for review.

■ I find that there is no substance whatsoever to petitioner's contention that the referee refused to admit competent evidence. The record discloses that the referee admitted all evidence offered at the hearing except a letter which was marked as Exhibit No. 19, and which was withdrawn by petitioner's counsel with the statement, "I don't think it would serve any purpose. We will withdraw that." The record does not show the nature of the content of this letter, but only that a letter of some description was offered by counsel and then withdrawn. In view of petitioner's withdrawal of the offer of the evidence, petitioner cannot now contend that admission of the exhibit was improperly denied.

This court is not at liberty to disturb the respondent's decision upon this claim if the findings upon which that decision rests are supported by substantial evidence. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Heikes v. Fleming, D.C.S.D.Ill., 168 F.Supp. 675, affirmed 7 Cir., 272 F.2d 137. The only factual question before the respondent was the question of disability, namely, is plaintiff disabled to the extent that he is unable to accept gainful employment? In this regard, petitioner contends that respondent arbitrarily accepted the reports of Dr. Helfrich and denied credence to other evidence in the record which was in conflict therewith.

■ Certainly, on a numerical basis, there are more doctor's statements in the record which say plaintiff is disabled than there are doctor's statements which say that plaintiff is not disabled. But that does not aid the determination of the question whether substantial evidence supports the respondent's decision. Plaintiff stated in his application and testified that the disability which he claimed arose largely because of gastronomic conditions. Dr. Helfrich, the doctor who performed the resection on plaintiff's stomach, and the doctor who treated him for the gastronomic difficulties which occasioned that operation, concluded in his report that plaintiff was able to do ordinary work although the condition did render him incapable of doing heavy manual labor. Dr. Perkins, the only other doctor, who is shown by the record to have treated plaintiff for any physical condition, reported that no difficulty arose because of the resection of the bladder which he had performed upon petitioner, but did state, as his opinion, that petitioner was disabled because of a stomach and bowel condition. Statements by the other doctors are merely to the effect that they had examined petitioner and thought him to be unable to work. On the other hand, the record discloses plaintiff was gainfully employed by Republic Steel for a period of about 10 weeks after the date on which he claims the disability arose. He testified that he left that employment when they closed the mill, stating that his physical condition prevented him from staying on for a longer period of time while the steel mill was dismantled.

■ Respondent has resolved the conflict in the evidence against petitioner's claim. The proceeding here is not a trial de novo, Hobby v. Hodges, 10 Cir., 215 F.2d 754, and the court may overturn respondent's decision only if it finds that that decision lacks substantial support upon the record as a whole. N. L. R. B. v. Babcock & Wilcox Co., 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975; Teder v. Hobby, 7 Cir., 230 F.2d 385; United States v. LaLone, 9 Cir., 152 F.2d 43. Upon the record as a whole, I must con-

clude that respondent's decision is supported by substantial evidence. In the face of that decision, the court has no power to inquire further.

I have examined other contentions made by petitioner against the decision and find them wholly without merit.

Judgment is entered dismissing the petition and affirming respondent's decision.