# NATIONAL LABOR RELATIONS BOARD v. J. S. POPPER, Inc.

## No. 7381.

Circuit Court of Appeals, Third Circuit.

June 29, 1940.

---

Richard C. Barrett, of Washington, D. C., for petitioner.

Charles A. Cohen, of New York City, for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The National Labor Relations Board has petitioned this court to enforce an order entered against the respondent requiring it to cease certain alleged unfair labor practices and to reinstate Theodore Veljkovich as an employee to his former or an equivalent position without loss of pay or seniority, and to do certain other things which need not be related here. The respondent admittedly is engaged in manufacturing and its operations have a close and intimate relationship to commerce between the states. If the respondent is guilty of the practices charged its conduct is such as would tend to lead to labor disputes burdening and obstructing commerce.

The respondent has raised three points which can be disposed of quickly. It contends, first, that the amended charge filed with the Board was not verified in conformity with the Board's own rule, Section 3 of Article II, in that it was not sworn to before a notary public or an agent of the Board authorized to administer oaths, but was verified before a commissioner in chancery of the State of New Jersey, the attorney for the complaining union. This objection was raised seasonably by the respondent in its answer filed to the amended charge and was passed upon at the beginning of the hearing before the trial examiner who overruled the respondent's motion to dismiss the charge. The respondent points out that Section 3 of Article II of the Board's rules has now been amended to provide that a complaint may be sworn to before any person authorized to administer an oath. In our opinion the purpose of Section 3 was simply to require a charge to be sworn to so that the affiant might be prosecuted for perjury in case he made a wilful misstatement in regard to a material matter. The Board is a quasi-judicial body and as such must be deemed to have the right to construe its own rules, and unless such construction is so arbitrary as to result in the denial of substantial jus-

tice an appellate tribunal should not place its own construction upon them. The objection here made by the respondent is purely technical and we will not sustain it.

■ The respondent also contends that the trial examiner had no authority to hear the testimony. It is difficult to comprehend the nature of this objection for its seems to consist of little more than the fact that an order of the Board specifically designating the trial examiner to conduct the hearings was not introduced in evidence at the beginning of the hearings as is the custom. An order of the Board specifically designating the trial examiner to conduct the hearings is part of the record in this case. No question of jurisdiction can arise on this point.

■ Objection is also made to the fact that the Board refused to permit the testimony, constituting alleged newly discovered evidence, of one Vladon Krcich to be taken following the conclusion of the hearings. The nature of Krcich's evidence is indicated by his statement in the record which is to the effect that at the end of June or July, 1938, (the hearings before the trial examiner commenced at the end of December, 1938) he had a conversation with Veljkovich who then made certain admissions. In our opinion the Board correctly refused to reopen the hearings to receive this testimony, for Krcich was available at the time of the hearings before the trial examiner. Assuming, however, that he would testify in accordance with his statement, his evidence would go solely to the issue of Veljkovich's credibility and not to any fact at issue in the case. Veljkovich's credibility as a witness was tested upon cross-examination and his statements were contradicted by the testimony of witnesses. Krcich's evidence therefore would be merely cumulative and upon a collateral point. For analogy we refer to the decision of this court in United States v. Parker, 3 Cir., 103 F.2d 857, 863.

The substantial question presented is whether there is sufficient evidence to support the Board's finding of fact that Veljkovich was discharged because of his union activity. If he was so discharged, the respondent did engage in unfair labor practices affecting commerce within the meaning of Section 8(3) of the National Labor Relations Act, 29 U.S.C.A. § 158(3). There is no question that Veljkovich was very active in attempting to obtain members for his union in the respondent's plant and that the respondent was hostile to these efforts. There is little doubt that Veljkovich was a competent workman, for in the two years of his employment by the respondent he received two raises of pay. He was sick with stomach trouble from time to time throughout the course of his employment and special work was arranged for him by his foreman, Vasich. On March 22, 1938, Veljkovich finished a job on a screw machine and went to Vasich in order to tell him this and to punch his time card for the job which he had completed. Veljkovich testified as follows in respect to his conversation with Vasich: "I said, 'I am through with this job.' * * * He said, 'That is all for you.' I didn't understand him. I thought about that job. I was standing still by him. He said, 'That is all right. I am through with this.' He said, 'I am very sorry. There is no more for you.' He said, 'That is all for you.' I said, 'Am I fired?' He said at that time, 'The way you want to take it.'" Veljkovich testified that he also talked to the plant supervisor but received no satisfaction and left the premises for good. These two conversations furnish the basis for the Board's conclusion that Veljkovich was discharged.

■■ The Board is the trier of the facts and, as has been stated repeatedly by this court, if there is substantial evidence to support its findings they must be accepted. Accepting Veljkovich's testimony at its face value, none the less he did not state that he was discharged and we are of the opinion that the evidence will not support an inference that he was discharged. In view of this conclusion, the findings of the Board that the respondent was guilty of unfair labor practices must fall. Accordingly, enforcement of the Board's order will be refused and a decree will be entered setting it aside.