## NATIONAL LABOR RELATIONS BOARD v. HINDE & DAUCH PAPER CO.

### No. 5810.

United States Court of Appeals
Fourth Circuit.

Dec. 7, 1948.

Frederick U. Reel, Attorney, National Labor Relations Board, of Washington, D. C. (David P. Findling, Associate General Counsel, Ruth Weyand, Acting Assistant General Counsel, and Thomas F. Maher, Attorney, National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Fred G. Pollard and Guy B. Hazelgrove, both of Richmond, Va., for respondent.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing the Hinde & Dauch Paper Company to cease and desist from unfair labor practices. The order is based upon nothing more than a single inquiry by a foreman of one of the employees as to how she intended to vote in an employees' election and a statement by the same foreman to another employee that, if the plant were organized and the union called for a strike, the owner could close the plant down and forget about it in view of the number of other plants that it was operating. With respect to the latter statement it appears that there was no positive threat even on the part of the foreman that the plant *would* be closed in case of unionization, but a mere argumentative statement that it *could* be closed if a strike were called in view of the number of other plants owned. There is nothing to show that either the inquiry or the statement was made with the approval of management, that they constituted part of a program of intimidation, or that any one other than those to whom they were made had even so much as heard of them. On the other hand, the uncontradicted evidence showed clearly that, both by letter and by speech of its plant manager, the employer was at pains to make clear to all employees that they would not be discriminated against for union activities or for the manner in which they voted in the election. Under such circumstances, the two isolated instances found by the Board furnish no adequate ground for finding that the employer has been guilty of un-

fair labor practices or for granting injunctive relief. The petition will be dismissed on the authority of our decision in N. L. R. B. v. Mathieson Alkali Works, 4 Cir., 114 F.2d 796, 802, where the rule applicable was stated as follows:

"There is some evidence of sporadic and occasional expressions of anti-union sentiment on the part of a few foremen including one or two in addition to those heretofore mentioned, but, without reviewing this in detail, it is sufficient to say that it furnishes no proof of any unfair attitude on the part of respondent, and was not of a character to justify a cease and desist order on the ground that the expressions were attributable to respondent under the doctrine of respondeat superior. If there were evidence that these foremen were speaking with the authority of respondent, or if their expressions of sentiment were so numerous or of such a character as to justify the inference that they were made with respondent's approval in furtherance of an anti-union policy, an order directing respondent to cease and desist from interfering with its employees in the exercise of the rights guaranteed by sec. 7 of the Act [29 U.S.C.A. § 157] would be proper, even though it should not appear that anyone's affiliation had been changed thereby; for each employee has the right to be let alone in this respect by the employer and his representatives. Humble Oil & Refining Co. v. N. L. R. B., supra [5 Cir., 113 F.2d 85]. But mere isolated expressions of minor supervisory employees, which appear to be nothing more than the utterance of individual views, not authorized by the employer and not of such a character or made under such circumstances as to justify the conclusion that they are an expression of his policy, will not ordinarily justify a finding against him. As was said in the case of National Labor Relations Board v. Whittier Mills Co., 5 Cir., 111 F.2d 474, 479: 'Isolated speeches like these made by underlings, though having some authority, in casual conversation with fellow employees, which are not authorized or encouraged or even known to the management, ought not to be too quickly imputed to the employer as his breaches of the law. When not made in the exercise of authority, but in personal conversation, they do not appear to be the sentiments of the employer nor his acts, and to make them such the circumstances ought to show some encouragement or ratification or such repetition as to justify the inference of a policy which they express.' "

Petition dismissed.