NATIONAL LABOR RELATIONS BOARD
v. WESTEX BOOT & SHOE CO.
No. 13402.

United States Court of Appeals
Fifth Circuit.
June 25, 1951.

Maurice Alexandre, Atty., A. Norman Somers, Asst. Gen. Counsel, and David P. Findling, Associate Gen. Counsel, National Labor Relations Board, Washington, D. C.; for petitioner.

Lee Sellers, Otis E. Nelson, Wichita Falls, Tex., for respondent.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The findings of fact, conclusions of law, and order of the Board are reported at 82 N.L.R.B. 497.

■ The Company contends that the American Federation of Labor (referred to as A.F.L.) was not a labor organization as that term is defined in section 2(5) of the Labor-Management Relations Act, 29 U.S.C. § 152(5), 29 U.S.C.A. § 152(5). It may well be said of the A.F.L., as was said of the C.I.O. in National Labor Relations Board v. Postex Cotton Mills, 5 Cir., 181 F.2d 919, 921, that so to determine "would require us to overlook the realities and substance of its objectives and operations." See also National Labor Relations Board v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758.

The first charge filed with the Board stated that the Company had violated section 8(a)(1) and (3) of the Act by discharging four named employees on December 4, 1947, because of their membership and activities in behalf of A.F.L. It further stated that by such discharges and "by other acts and conduct" the Company "interfered with, restrained, and coerced its employees in the exercise of the rights guaranteed in Section 7 of the Act." The second amended charge was identical with the original charge except that it alleged three additional discriminatory discharges. The Company contends that "the only unfair labor practices ever charged to the Board were the discharges of the seven employees for their *Union* activities," and that the Board was, therefore, without power to include in its complaint an allegation based on discharges of those employees for concerted activities other than union activity, and further that the Board lacked jurisdiction to charge that the Company has interrogated its employees concerning their Union affiliations and activities, and has urged, persuaded, threatened and warned its employees to refrain from assisting, becoming members of or remaining members of, a Union.

The Company's contention is that the charge is a jurisdictional prerequisite to the complaint and subsequent proceedings and that they are restricted to the specific unfair labor practices alleged in the charge. Sec. 10(b) of the Act, U.S.C. Tit. 29 Sec. 160(b), 29 U.S.C.A. § 160(b), provides in part: "*Whenever it is charged* that any person has engaged in or is engaging in any *such* unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint *stating the charges in that respect,* and containing a notice of hearing · * * *.*" (Emphasis added.)

For the antecedent of "such" we must go back to the phrase in Section 10(a) "any unfair labor practice (listed in section 158) affecting commerce". "The charges in that respect" mean the charges in respect to any such unfair labor practice.

■ A charge is a condition precedent to the Board's power to issue a complaint. Nat. Licorice Company v. N.L.R.B., 309 U.S. 350, 368, 60 S.Ct. 569, 84 L.Ed. 799. However, "The charge is not proof. It merely sets in motion the machinery of an inquiry. When a Board complaint issues, the question is only the truth of its accusations. The charge does not even serve the purpose of a pleading." National Labor Relations Board v. Indiana & M. Elec. Co., 318 U.S. 9, 18, 63 S.Ct. 394, 400, 87 L. Ed. 579. As said by Judge Sibley speaking for this court in National Labor Relations Board v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433, 437, "The charges are addressed to the Board and are not cases at all. The case between the Board and the employer begins with the complaint prepared by the Board."

■ It seems to us that in this case, the complaint merely "elaborated the charge with particularity," Nat. Licorice Co. v. Labor Board, 309 U.S. 350, 368, 60 S.Ct. 569, 84 L.Ed. 799, and that the respondent's contention that the Board lacked ju-

risdiction because the complaint included alleged unfair labor practices not stated in the charge is not well founded.

 After careful review, we conclude that the findings of the Board with respect to questions of fact are supported by substantial evidence on the record considered as a whole, and hence are conclusive. Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456; National Labor Relations Board v. Pittsburg S.S. Co., 340 U.S. 498, 71 S.Ct. 453.

The petition for enforcement of the Board's order should be, and the same hereby is, granted.