**OLIN INDUSTRIES, Inc. et al. v. NATIONAL LABOR RELATIONS BOARD.**

No. 13275.

United States Court of Appeals Fifth Circuit.

Rehearing Denied Nov. 30, 1951.

Second Petition for Rehearing Denied Jan. 14, 1952.

Benjamin E. Gordon, Boston, Mass., for petitioner.

Frederick U. Reel, Atty., N.L.R.B., A. Norman Somers, Asst. Gen. Counsel, N.L.R.B., David P. Findling, Associate Gen. Counsel, N.L.R.B., Washington, D. C., for respondent.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The proof discloses that all of the charges were filed and were served *by ordinary mail* prior to the effective date of Section 10(b) of the Amended Act, 5 U.S.C.A. § 1009(b). Petitioner objects that the charges were not served in accordance with the Board's rules applicable to service of process and papers. These rules, set forth in Section 203.63, Rules and Regulations of the Board, Series 4, provide four methods for service of Board papers: personal service, registered mail, telegraph, or service by leaving a copy at the principal office or place of business of the person to be served.

The use of ordinary mail rather than registered mail presents a mere technical defect in the service of the charge which is not a pleading.[1] We are in agreement with what was said in an analogous situation by the Court of Appeals for the Seventh Circuit: "We do not understand that the Company or the Union was in any way misled or prejudiced by this procedure. In this situation we see no merit in the contention. Compare National Labor Relations Board v. [J. S.] Popper [Inc.,] 3 Cir., 113 F.2d 602, 603. In any event, even if the Board erroneously construed its rules, the error was harmless. It did not affect the substantial rights of the Company or the Union, and should therefore be disregarded. See § 10(e) of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009(e)." Union Starch & Refining Co. v. N.L.R.B., 186 F.2d 1008, 1013.

1. N. L. R. B. v. Westex Boot & Shoe Co., 5 Cir., 190 F.2d 12; see also N. L. R. B. v. Indiana & Mich. Elec. Co., 318 U.S. 9, 18, 63 S.Ct. 394, 87 L.Ed. 579; N. L. R. B. v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433, 437; Kansas Milling Co. v. N. L. R. B., 10 Cir., 185 F.2d 413.

800

Petitioner insists that the Court fell into error in holding that substantial evidence on the record considered as a whole supports the Board's finding that the 87 unfair labor practice strikers applied for reinstatement. In support of this contention, petitioner asserts that only 21 of the 87 strikers here involved testified at the hearing before the Trial Examiner; that of these, only two applied for reinstatement, but were refused because of lack of work; that not one of the remaining nineteen strikers testified that he "notified" petitioner of his willingness to return to work; that one of the nineteen, Milner, testified that he was not among the strikers who assembled at petitioner's personnel office on October 21, 1946. 20 of the 21 who testified each stated that he participated in the mass application for reinstatement. Alex Milner did not expressly so testify and did state that he never "called up" petitioner to ask whether he could "come back to work." That testimony is not inconsistent with the finding that Milner participated in the mass application for reinstatement on October 21st.

With respect to Milner and to the 66 strikers who did not testify, we have called attention in our original opinion to the numerous witnesses who testified that all the strikers went to the plant on October 21, 1946, to report for work, and to the fact that the Trial Examiner rejected the offer of Counsel for the General Counsel to put each of the strikers on the witness stand to prove that he applied for reinstatement, and that the Board concluded that such testimony would merely have been cumulative. The petitioner failed to submit any evidence whatever to contradict such testimony. We are still of the opinion that the findings of the Board that the 87 named strikers applied for reinstatement are supported by substantial evidence on the record considered as a whole.

Other grounds of the petition for rehearing we think have been sufficiently answered in the original opinion.

The petition for rehearing is denied.

On Application for Second Rehearing.

PER CURIAM.

The application for leave to file a second petition for rehearing and to adduce additional evidence in the above styled and numbered cause is hereby, denied.