## NATIONAL LABOR RELATIONS BOARD v. ARTHUR G. McKEE & CO.

### No. 13876.

United States Court of Appeals Fifth Circuit.

May 10, 1952.

Louis Libbin, Attorney, A. Norman Somers, Asst. Gen. Cnsl., and D. P. Findling, Assoc. Gen. Cnsl., National Labor Relations Board, all of Washington, D. C., for petitioner.

Paul Y. Cunningham, Brownsville, Tex., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Upon findings:[1] that respondent in constructing the Carthage Hydrocol plant in Brownsville, Texas, was engaged in commerce within the meaning of the National Labor Relations Act, as amended, 29 U.S. C.A. § 151 et seq.; that, in connection therewith, it had instituted the discriminatory policy, the unfair labor practice, of requiring that millwrights be members of, or be referred by, the Carpenters' Union; and that, pursuant to that policy, it had, in violation of Sec. 8(a) (3) and (1) of the Act, denied employment to Blair, Martin,

1. 94 N. L. R. B. No. 69.

and Even; the Board ordered respondent to cease and desist from those practices and to make the three men whole.

Respondent, having failed within the time limited to comply, the Board filed a petition for enforcement of the order, and respondent having appeared in opposition thereto, the matter of enforcement is before us for decision.

As the Board sees it, but one question is presented, whether substantial evidence supports its finding that respondent discriminatorily denied employment to three applicants because they were not members of, and had not been referred by the Carpenters' Union.

As respondent sees it, three questions are for decision. One of these is the one propounded by the Board. Another is whether the proof satisfied the jurisdictional requirement, that is whether, at Brownsville, respondent was engaged in interstate commerce or its business there substantially affected such commerce. The third, a procedural one, is whether the purported direct appeal to the Board taken by the General Counsel, after the Examiner had ordered the complaint dismissed for want of jurisdiction, was a nullity, as were all the proceedings taken thereafter.

Accepting respondent's version of the questions that are before us, and proceeding to dispose of them in inverse order, we answer the third and the second questions in the negative. We are in no doubt, under the undisputed evidence and the holdings of the authoritative cases,[2] that respondent's activities were within the jurisdiction. Neither are we in any that such procedural irregularity as there was in the telegraphic appeal to the Board was a "mere technical defect", Olin Industries, Inc. v. N. L. R. B., 5 Cir., 192 F.2d 799, especially since the Board, later examined the question of jurisdiction on the basis of the entire record, and found, as we find, that there was jurisdiction.

As to the first question, a comparison of the facts in the case with those in the Daniel Hamm case, N. L. R. B. v. Daniel Hamm Drayage Co., 5 Cir., 185 F.2d 1020, 1021, as they are shown in the decision of the Board in 84 N.L.R.B., 458, and in the briefs on file in this court, in the enforcement proceeding in that case, makes it perfectly clear that here, as was the case there, the finding and order of the Board finds ample support in the evidence considered as a whole.

Without, therefore, undertaking to set out or subject to analysis the evidence relied on respectively by Board and respondent, we find it sufficient to say that the Board's order should, and will, be enforced.

Petition granted.

2. N. L. R. B. v. Denver Bldg. Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; N. L. R. B. v. Daniel Hamm Drayage Co., 185 F.2d 1020; N. L. R. B. v. Mid- Co Gas Co., 5 Cir., 183 F.2d 451; Shore v. Bldg. & Const. Trades, 3 Cir., 173 F.2d 678.