## NATIONAL LABOR RELATIONS BOARD v. SUPREME BEDDING & FURNITURE MFG. CO., Inc.

No. 13882.

United States Court of Appeals,
Fifth Circuit.

May 10, 1952.

Charles A. Kyle, New Orleans, La., A. Norman Somers, Asst. Gen. Cnsl., D. P. Findling, Assoc. Gen. Cnsl., Washington, D. C., for petitioner.

Ronald L. Davis, Monroe, La., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The examiner having in his report acquitted respondent of the charge of unfair labor practices and recommended the dismissal of the complaint, the general counsel filed exceptions, and the case was transferred to the National Labor Relations Board.

The Board, with the chairman dissenting as to the discharge of Hackworth, found the complaint proven, and entered its order [1] requiring respondent: to cease and desist from the unfair labor practices found; and to reinstate and make whole Thorne and Hackworth, the employees found to have been discriminatorily discharged.

The respondent not having complied, the Board petitioned this court for the enforcement of its order, respondent answered, and the issues joined having been argued orally and by briefs, the question of enforcement *vel non* is before us for decision.

■ Deprived of the support of the examiner's findings, its own findings indeed directly contrary to his, the Board is unable to make use of, the tributes to the perspicuity and the superior opportunities of the examiner, and the claims as to the binding force of his findings with which its briefs [2] usually abound.

1. 93 N. L. R. B. 1616.

2. "The Trial Examiner heard and observed all the witnesses except Enloe, whose testimony was received in response to written interrogatories propounded to him in Brazil. For this reason and because he had 'lived with the case', the Trial Examiner was best qualified to decide the credibility of their testimony. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456."—Brief of Board in N. L. R. B. v. American Thread Co., 5 Cir., 188 F.2d 161.

"The Trial Examiner, who observed the witnesses, credited the four and discredited Bailey; this finding was adopted by the Board. Under these circumstances,

Instead, not denying *the examiner's superior opportunities to determine credibility*, its labors are directed to discrediting the examiner's determination as to the credibility of witnesses, where there is a conflict in testimony,[3] and correctness of his apprehensions of, and inferences from the proven facts, where there is none.

A careful reading of the Board's appendix, findings and brief, and a comparison of its decision with the carefully stated, thoughtfully worked out, and thoroughly impartial report of the examiner, convinces us: that the shoe is on the other foot; that it is the Board's decision, and not the examiner's report, which exhibits judicial lacks. It is, we think, in the examiner's rather than in the Board's findings that the result of an impartial, a judicial approach to, and decision of, the questions involved is to be found. That approach maintained throughout by the examiner has produced findings which keep, not to the ear only but also to the hope, the basic promise of the injunction *audi alteram partem*. It is this promise which, in a judicial or quasi-judicial hearing, demands and, if kept, insures as far as is humanly possible that "knowledge will precede understanding, understanding will precede judging," and the judgment will be impartial and just. Cf. Keystone Steel & Wire Co. v. N. L. R. B., 7 Cir., 155 F.2d 553; N. L. R. B. v. Sidran, 5 Cir., 181 F.2d 671.

The action of the majority of the Board in its complete espousal of Hackworth's cause, its willingness to condone acts both of vulgarity and of violence,[4] including the threat of a twenty-four year old bully to slap down a sixty year old sick man, brings to mind a similar stand taken by the Board in earlier and different days, and our disapproval of it. N. L. R. B. v. Williamson Dickie, 5 Cir., 130 F.2d 260.

The law governing situations of the kind this evidence develops is well settled by the cases.[5] The fact of union membership does not guarantee against a discharge, though, as appears in the Williamson Dickie case, supra, 130 F.2d at page 263, note 5 both the Board and the Union there seemed to think that it did.

The law governing the consideration to be given to findings of examiner and Board, where they are in conflict is equally well settled.[6] An examination of the record as a whole, in the light of these prin-

---

the fact that 'much of the evidence upon which the Board relied* *was disputed' affords no basis for overturning the finding. N. L. R. B. v. Russell Mfg. Co., 5 Cir., 191 F.2d 358, following Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456. See also N. L. R. B. v. State Center Warehouse Co., 9 Cir., 193 F.2d 156, where the court observed: 'For obvious reasons questions of credibility were for the examiner.' "—Brief of Board in N. L. R. B. v. McKee & Co., 5 Cir., 196 F.2d 636.

3. At page 45 of the Record, the Board says: "We further are unable to credit, as did the Trial Examiner, Homan's testimony that Thorne was laid off because his pay with overtime was one of the highest on the payroll, and that Thorne would not have worked without overtime."

4. "We do not agree with the Trial Examiner's observation that Hackworth's 'petulance' in expressing himself in favor of the Union justified Homan's warning that he would be discharged if he did not discontinue such conduct. The only evidence to support the Trial Examiner's characterization of Hackworth's prounion arguments, is the name-calling to which he resorted. We do not consider the language employed by Hackworth on these occasions to have been so obnoxious as to warrant the disciplinary measure invoked by Homan. Employees in an industrial plant do not always resort to polite, parlor room language during the course of a heated union campaign. Majestic Metal Specialties, Inc., 92 N. L. R. B. No. 265." (Note 14, Board's Decision, Record, p. 49.)

5. N. L. R. B. v. Edinburg Citrus Ass'n, 5 Cir., 147 F.2d 353; N. L. R. B. v. Hinde & Dauch Paper Co., 4 Cir., 171 F.2d 240; N. L. R. B. v. Montgomery Ward & Co., 8 Cir., 157 F.2d 486; N. L. R. B. v. Piedmont Cotton Mills, 5 Cir., 179 F.2d 345; N. L. R. B. v. Tex-O-Kan, 5 Cir., 122 F.2d 433; N. L. R. B. v. Williamson Dickie, 5 Cir., 130 F.2d 262.

6. Universal Camera v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; N. L. R. B. v. Universal Camera, 2 Cir., 190 F.2d 429, on reconsideration.

ciples, leaves us in no doubt that the findings and recommendations of the examiner are, the findings and order of the Board are not, supported by it, and that the enforcement of the order should be denied.