## NATIONAL LABOR RELATIONS BOARD v. MONSANTO CHEMICAL COMPANY et al.

### No. 14686.

United States Court of Appeals
Eighth Circuit.
July 14, 1953.

764

agement Relations Act, 1947, 29 U.S.C.A. § 151 et seq. The validity of the Board's order on the evidence before it is not questioned by either respondent. They resist the petition for enforcement on the sole ground that the Board was without power to entertain the proceeding in which the order was entered because the General Counsel of the Board sustained McClellan's application for a review of an order of the Board's Regional Director, made six days after the time fixed by the rules of the Board for filing an application for review. No claim is made and no proof is offered to show that either respondent suffered any prejudice as a result of the extension of time granted McClellan, and none can be discovered from anything in the record. No question is raised concerning the applicable rules of the Board. The bald argument on behalf of respondents is that the Board is powerless in the public interest to relax the time provisions of its procedural rules in any case before it. This contention is not worthy of serious consideration.

 It is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it. The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party. National Labor Relations Board v. Grace Co., 8 Cir., 184 F.2d 126, 129; National Labor Relations Board v. J. S. Popper, Inc., 3 Cir., 113 F.2d 602, 603–604; Board of Tax Appeals v. United States ex rel. Shults Bread Co., 59 App.D.C. 161, 37 F.2d 442, 443; Washburn Wire Co. v. Commissioner of Internal Revenue, 1 Cir., 67 F.2d 658, 662; National Labor Relations Board v. Pacific Gas & Electric Co., 9 Cir., 118 F.2d 780, 788. The rule stated applies with especial force in cases before the National Labor Relations Board. The Board acts in the public interest and not in vindication of private rights. National Labor Relations Board v. Federal Engineering Company, 6 Cir., 153 F.2d 233, 234; Olin Industries v. National Labor Relations Board, 5 Cir., 192 F.2d 799; Union Starch & Refining Co. v. National Labor Relations

Floyd D. Stewart, St. Louis, Mo. (Stanley R. Schuchat, St. Louis, Mo., was on the brief), for respondent Union.

Elton L. French, St. Louis, Mo., for respondent Company.

Ruth C. Goldman, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Samuel M. Singer, Atty., Washington, D. C., were with her on the brief), for petitioner.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

RIDDICK, Circuit Judge.

Respondents, Monsanto Chemical Company and International Chemical Workers Union, Local No. 16, A.F.L., resist this petition of the National Labor Relations Board for enforcement of its order entered in a proceeding in which the Board found that the company had discharged its employee, Henry McClellan, and that the union had caused McClellan's discharge in violation of his rights under the Labor Man-

Board, 7 Cir., 186 F.2d 1008, 1013, 27 A.L.R.2d 629; National Labor Relations Board v. Niles Fire Brick Co., 6 Cir., 124 F.2d 366, 368. Its discretion is not to be controlled at the whim of a private party to the neglect of the public interest.

We find nothing in the Administrative Procedure Act to prohibit the action of the General Counsel of the Board. A casual reading of the sections of the Act[1] relied on by respondents is enough to show that these sections do not forbid the action of which the respondents complain.

Enforcement granted.

1. Sec. 3(a), 5 U.S.C.A. § 1002(a) (3), in relevant part provides that:

"Every agency shall separately state and currently publish in the Federal Register * * * the nature and requirements of all formal or informal procedures available * * * No person shall in any manner be required to resort to organization or procedure not so published."

Sec. 4(c), 5 U.S.C.A. § 1003(c), provides that:

"The required publication or service of any substantive rule (other than one granting or recognizing exemption or relieving restriction or interpretative rules and statements of policy) shall be made not less than thirty days prior to the effective date thereof except as otherwise provided by the agency upon good cause found and published with the rule.'