**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PAPER ART COMPANY, Inc., Respondent.**

No. 17838.

United States Court of Appeals, Seventh Circuit.

July 14, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Paul J. Spielberg, Robertamarie Kiley, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

George P. Ryan, Jack R. Snyder, Indianapolis, Ind., for respondent; Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel.

Before HASTINGS, Senior Circuit Judge, CUMMINGS, Circuit Judge, and DILLIN,* District Judge.

* Judge Dillin is sitting by designation from the Southern District of Indiana.

DILLIN, District Judge.

This matter is before us on application of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C.A. §§ 151 et seq., 160(e), for enforcement of its Order dated November 21, 1968, and reported at 173 NLRB No. 140.

By such Order, the Board found that the respondent company violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the union [1] certified by the Board as bargaining representative for a unit of the company's employees. It ordered the employer to cease and desist from the unfair labor practice found, to bargain with the union upon request, and to post designated notices. The company defends its refusal to recognize the union for bargaining purposes on the ground that the certification is invalid.

On November 15, 1967, the union petitioned for a representation election among the company's employees. Thereafter on November 29, 1967, the employer and union agreed to a consent election to be held on December 19, 1967, among the employees of the unit described as:

"All production and maintenance employees of the Employer at its Indianapolis, Indiana plant; BUT EXCLUDING all office clerical employees, professional employees, guards and supervisors as defined in the Act."

On the day of the election, the employer's representatives, the union's representative and the Board's agent met in a pre-election conference to finalize the eligibility list. The union urged the names of three individuals, as janitors in the maintenance department. The employer took the position that the trio were watchmen. After a short discussion as to the duties of the three, the Board's agent asked if there was any objection to the addition of the three names. The company made none.

It appears that the three worked nights and weekends when the plant was not in production. Their jobs required them to make rounds of the plant punching the ADT clock stations and keeping a lookout for fire hazards and unlocked entries. They were also required to keep out intruders and generally to protect against theft and fire. In addition to this, they performed routine janitorial chores such as emptying wastebaskets and the like. These janitorial duties required less than half their time.

Thereafter, the election was held and the three voted without challenge. The union won by two votes. The employer timely filed an objection to the conduct of the election, claiming that the three were guards and thus excluded from the unit by the consent agreement and by the statute, 29 U.S.C.A. § 159(b) (3). The employer further contended that failure of the Board's agent to challenge the three guards voided the election. The Regional Director rejected the respondent's objection, finding it to be a post-election challenge to the trio's eligibility, which the Board consistently declines to entertain. The Director, therefore, recommended to the Board that the union be certified as the bargaining representative.

The Board adopted this recommendation and certified the union. The employer refused to bargain with the union on the ground that the certification was invalid. The union then filed a charge with the Board and a complaint was issued against the respondent alleging refusal to bargain, 29 U.S.C.A. § 158(a) (5), and coercion, 29 U.S.C.A. § 158(a) (1). Upon the stipulated facts, the Board found, following its prior decision, that the union was properly certified and that the employer must bargain with the union. A cease and desist order issued which is now before us on the Board's petition for enforcement.

Respondent concedes that its objection to the bargaining unit is in fact a post-election challenge to the votes of the

---

1. United Papermakers and Paperworkers, AFL-CIO.

three. Such challenges have been declined by the Board consistently since the early case of NLRB v. A. J. Tower Co., 1946, 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322. The purport of the *Tower* case, stated concisely, is that all challenges are to be made by the parties and prior to the balloting. Under the *Tower* rule, a rule of finality and repose, employer and union are given but one bite at the apple and can not hold back a challenge to await the results of the election.

Respondent, however, takes the position that the facts in this case place it within an exception to the rule against post-election challenges. Such a challenge will be heard if the Board's own agent conducting the election failed to make a challenge when he "[knew] of the voter's ineligibility and suppress[ed] the facts." NLRB v. A. J. Tower Co., *supra*, at 333, 67 S.Ct. at 329. This exception was first enunciated in two cases in which the Board agent failed to challenge a voter whom he actually knew to be ineligible, to the prejudice of a party incapable of making a proper challenge. Beggs & Cobb, Inc., 1945, 62 NLRB 193; Wayne Hale, 1945, 62 NLRB 1393.

■ On the facts at bar, however, if respondent is to succeed it must restate the *Beggs & Cobb* exception as requiring the Board's agent to challenge not only when he has actual knowledge of ineligibility, but whenever he is made aware of a dispute about eligibility. No Court has yet taken that position. On the contrary there are several holdings that the primary duty to challenge lies with the company and union and that there is no duty on the Board's agent to challenge merely because of an eligibility dispute, absent knowledge of a voter's ineligibility. NLRB v. Corral Sportswear Co., 10 Cir., 1967, 383 F.2d 961; DeVilbiss Co., 1956, 115 NLRB 1164;

Balfre Gear & Mfg., 1956, 115 NLRB 19; see also Sears, Roebuck & Co., 1955, 114 NLRB 762; Calcor Corp., 1953, 106 NLRB 539.

■ Respondent also cites to the Court a statement in the Board's Field Manual suggestive of a duty to investigate disputes such as this and make the appropriate challenges.[2] The short answer to this contention is that the Board is empowered to construe its own rules free of judicial review unless its construction is so arbitrary as to defeat justice. NLRB v. Giustina Bros., 9 Cir., 1958, 253 F.2d 371; NLRB v. Monsanto Chemical Co., 8 Cir., 1953, 205 F.2d 763; NLRB v. J. S. Popper, Inc., 3 Cir., 1940, 113 F.2d 602. Hence, there was no duty to challenge unless the agent actually knew of the ineligibility of the disputed trio.

Alternatively, respondent takes the position that the disputed employees were guards as a matter of law and that the agent did have the requisite actual knowledge. An obvious threshold problem with this argument is that the record does not reflect the amount of information conveyed to the agent at the time of the vote. However, even had he known all the facts above set out, he would not have been inexorably bound to have found the trio to be guards.

The determination of who is or is not a guard is a close and essentially factual question on which Board policy has been anything but uniform. Compare Viking Bag Co., 1966, 161 NLRB 648; Sears, Roebuck & Co., 1966, 157 NLRB 32; Heck's Inc., 1966, 156 NLRB 760; U. S. Gypsum Co., 1965, 152 NLRB 624, with Texas Electric Cooperatives, 1966, 160 NLRB 440; West Virginia Pulp and Paper Co., 1963, 140 NLRB 1160; Hazelton Laboratories, Inc., 1962, 136 NLRB 1609; Sidney Blumenthal & Co., Inc., 1955, 113 NLRB 791; Walterboro Manufacturing Corp., 1953, 106 NLRB 1383.

2. The Board agent "must challenge a voter if he knows or has reason to believe that the voter is ineligible to vote, but in this instance, he should not challenge until and unless none of the parties voices a challenge." National Labor Relations Board, Field Manual § 11338.

■ In the action before us, many of the criteria applied in the cited cases as bearing on the status of an employee as a guard are absent, *e. g.*, uniforms, arms, deputization, and disciplinary authority; on the other hand, as above noted, the men performed substantial janitorial work. Such factors, both positive and negative, preclude a determination that the three janitor-watchmen could only be guards. We therefore hold that the three need not have been classified as guards as a matter of law, and that it was the responsibility of respondent or the union, rather than that of the Board's agent, to make the challenge if any was indicated.[3]

The petition for enforcement of the Board's order is granted.

3. We express no opinion as to the status of the three employees as guards. Should the employer persist in its objection to the inclusion of the trio in the bargaining unit, it may institute a proper proceeding to have them severed from the unit. National Labor Relations Board, Rules and Regulations, § 102.60(b), West Virginia Pulp and Paper Co., 1963, 140 NLRB 1160.