CITIZENS STATE BANK OF MARSH-FIELD, MISSOURI and William G. Magers, John W. Greer, Paul Beckerdite, Calvin Burchfield, Wayne Jones, Wallace R. McFaddin, and C. Virgil Vernon, as the Board of Directors of Citizens State Bank, Marshfield, Missouri, Petitioners-Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent-Appellee.

No. 82–1776.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1983.

Decided Oct. 13, 1983.

As Amended Nov. 18, 1983.

Donald W. Jones, Jones, Keeter, Karchmer, Nelms, Sullivan & Kirby, John K. Hulston, Springfield, Mo., for petitioners-appellants.

Douglas H. Jones, Deputy Gen. Counsel, Werner Goldman, Asst. Gen. Counsel, Arthur L. Beamon, Counsel, Washington, D.C., E. Glion Curtis, Regional Counsel, Kansas City, Mo., for respondent-appellee.

Before LAY, Chief Circuit Judge, and McMILLIAN and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

We must decide whether an order of the Federal Deposit Insurance Corporation (FDIC) directed to the Citizens State Bank of Marshfield, Missouri, insofar as it applies to claimed violations of Regulation Z of the Truth In Lending Act, sufficiently articulated the reasons for its issuance. The FDIC's order is contrary to the recommended decision of the Administrative Law Judge (ALJ). The ALJ conducted a hearing and determined that while there were particular violations of Regulation Z, there was no continuing pattern of violations, willfulness or gross negligence. Thus, the ALJ concluded that a Cease and Desist Order with respect to Regulation Z was inappropriate. The FDIC, without discussing the findings of fact of the ALJ or ruling on exceptions filed by the parties, issued a Cease and Desist Order addressing both Regulation Z and non-Regulation Z matters. As the FDIC failed to articulate its reasons for rejecting the findings of the ALJ and for issuing its order, we remand this case for further consideration.

An examination of the bank was conducted by an FDIC Examiner as of the close of business January 29, 1980. On September 2, 1980, the FDIC filed a notice of charges against the bank with the purpose of obtaining an Order to Cease and Desist. An Administrative Law Judge conducted a hearing lasting three days and in time filed a recommended decision.

In recommending the decision, the ALJ analyzed the evidence in detail, particularly with respect to Regulation Z, 12 C.F.R. §§ 226.1–226.29 (1983), promulgated to effectuate the Truth In Lending Act, Title I of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r (1976 & Supp. IV 1980). He specifically found that most of the alleged violations of Regulation Z involved the bank's failure to give borrowers proper disclosure of the finance charges and annual percentage rates. In one transaction the disclosure spaces were left blank. In all of the other transactions that involved violations of Regulation Z, the bank disclosed a finance charge but erred in computing it. One loan was originally payable on demand, but the bank had agreed alternatively that the balance would be due March 1, 1980. The bank failed to use the alternative date to compute the finance charge as required and accordingly did not disclose the correct finance charge. On two loans, the bank did not include loan fees of $25.65 and $30.00 in the amount of disclosed finance charges.

Those loans for which the bank failed to disclose the annual percentage rate correctly included the transaction where the disclosure blanks were not filled in, and three transactions where the finance charges and annual percentage rates stated were erroneous. In another loan the bank failed to include a charge for a credit life insurance premium in the annual percentage rate. In six transactions the bank failed to obtain a separately signed affirmative indication that the borrower desired credit life insurance. Accordingly, the bank also failed to include the cost of the credit life insurance premium in the annual percentage rate and in the disclosed finance charge. In one transaction where the original interest rate had been 9.38 percent but the borrowers agreed to pay ten percent interest in consideration of an extension, the government

argued that disclosure of the new rate was inadequate.

In two loans the bank allegedly violated Regulation Z by failing to give borrowers notice of their right to rescission. In three of the loans involving previously described violations, FDIC counsel also claimed that the bank failed to itemize or disclose various types of fees or charges on its disclosure form or to include them in the finance charge in accordance with Regulation Z. In one loan, which called for monthly payments of $100.00, the Examiner found that the last payment would have to be over $1,000.00 and was thus a balloon payment that the bank had failed to disclose.

With respect to the Regulation Z allegations, the ALJ found:

> Regulation Z is extremely complex. A misunderstanding of one requirement can often lead to numerous alleged violations. As shown in the analysis examples given above, a failure to have two separate signatures appear on the loan application, one on the application itself and another separate signature which declines or accepts credit life insurance can lead to a charge of failing to obtain the signature, or failing to disclose the correct annual percentage rate and a failure to disclose the correct finance charge. The 13 transactions that I have considered have resulted in over 60 alleged violations, and for the most part, these appear to have resulted from miscalculation rather than any deliberate intent to mislead the borrower and did not result from any gross negligence.

FDIC 80–51b, Recommended Decision at 5 (Feb. 17, 1982).

The ALJ then discussed three of the questioned loans specifically. He found the one where the blanks had not been filled in to be not typical. The two loans involving

failure to disclose the right of rescission, he found, did not concern "previously owned" residences within the meaning of the regulation. On the whole, the ALJ concluded: "I find that the evidence concerning the transactions discussed above is unconvincing. It does not establish a pattern, and in my opinion does not justify a cease and desist order insofar as the alleged violations of Regulation Z are concerned. I so recommend." *Id.* at 6.

The ALJ did find, however, violations with respect to non-Regulation Z matters: Regulation B Matters (Equal Credit Opportunity), Regulation X Matters (Real Estate Settlement Procedures), Regulation 345 Matters (Community Reinvestment Act), Regulation 338 Matters (Fair Housing), Regulation 326 Matters (Minimum Security Devices and Procedures for Insured Nonmember Banks), Regulation 328 Matters (Advertisement of Membership), Regulation 329 Matters (Deposit Interest Rate Advertising), and Regulation 103 Matters (Financial Recordkeeping and Reporting of Currency and Foreign Transactions). He recommended a Cease and Desist Order with respect to each violation, but found that restitution was not appropriate. The parties then submitted exceptions to the ALJ's recommended decision.

On June 14, 1982, the FDIC Board issued a Cease and Desist Order that addressed not only non-Regulation Z violations but also the alleged Regulation Z violations that the ALJ had found inappropriate for the order. As to Regulation Z, the FDIC Board made Findings of Fact that the bank violated and was continuing to violate certain laws, rules and regulations. The Board listed these violations in nine subparagraphs that it adopted verbatim from the proposed Conclusions of Law submitted by FDIC counsel.[1]

1. Paragraph 3 of the FDIC Board's Findings of Fact lists violations of the following provisions: (a) Sections 226.4(a) and 226.8(d)(3) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. §§ 226.-4(a), 226.8(d)(3) (1980)) by failing to determine or disclose the Finance Charge in connection with closed-end credit transactions. (b) Sections 226.5(b)(1) and 226.8(b)(2) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. §§ 226.5(b)(1), 226.8(b)(2) (1980)) by failing to determine and disclose the Annual Percentage Rate in connection with closed-end credit transactions. (c) Sections 226.4(a) and 226.8(d)(3) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. §§ 226.4, 226.8(d)(3) (1980)) by failing to either include the cost of optional credit insurance, written

The FDIC Board made the additional Findings of Fact:

4. Each violation cited in subparagraphs 3(a) through 3(d) was part of a clear and consistent pattern or practice of action.

5. The Bank acquiesced in, and passively approved of, the violations set forth in subparagraphs 3(a) through 3(w) of these FINDINGS, notwithstanding prior warnings of the Corporation to cease such practices and take appropriate corrective measures.

6. The Bank adopted an inconsistent and haphazard approach toward compliance with the laws, rules and regulations specified in Paragraph 1 of these FINDINGS and failed to provide adequate supervision and direction over the active officers of the Bank in order to prevent the violations of laws, rules and regulations set forth in subparagraphs 3(a) through 3(w) of these FINDINGS.

In its Conclusions of Law, the FDIC Board adopted the ALJ's recommendations with respect to the non-Regulation Z matters and the FDIC counsel's proposed Conclusions of Law as to the Regulation Z matters. The Board adopted and modified Conclusion of Law No. 4 of the ALJ to reflect the FDIC's authority to order reimbursement as a form of corrective affirmative action. The FDIC Board then issued its Order to Cease and Desist, which addressed all of the charged violations and which required reimbursement of certain overcharges.

In its order, the FDIC Board observed that the parties had submitted exceptions to the ALJ's recommended decision, but it made no further reference to those exceptions.

I.

■ Our primary inquiry is whether the FDIC Board's order, insofar as it pertains to Regulation Z violations, should be enforced. Under the Administrative Procedure Act, this court must hold unlawful and set aside agency action, findings, and conclusions found to be unsupported by substantial evidence. 5 U.S.C. § 706(2)(E) (1976); see 5 U.S.C. § 556(d) (1976). As a general rule, if the factual findings of the Board are supported by substantial evidence, in view of the record as a whole, they shall be conclusive. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 493, 71 S.Ct. 456, 467, 95 L.Ed. 456 (1951); *State Corp. Comm'n. of Kan. v. Federal Power Comm'n.,* 206 F.2d 690, 698 (8th Cir.1953), cert. denied, 346 U.S. 922, 74 S.Ct. 312, 98

---

in connection with closed-end credit transactions, in the Finance Charge, or meet the requirements of Section 226.4(a)(5) of Regulation Z (12 C.F.R. § 226.4(a)(5) (1980)) to exempt the cost of such credit insurance from the Finance Charge.

(d) Section 226.4 of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. § 226.4 (1980)) by requiring credit insurance in connection with closed-end credit transactions and not including the cost of such credit insurance in the Finance Charge.

(e) Section 226.8(j) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. § 226.8(j) (1980)) by failing to give the disclosures required by Section 226.8 of Regulation Z when it refinanced existing extensions of closed-end credit.

(f) Sections 226.4(b) and 226.8(d)(3) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. §§ 226.-4(b), 226.8(d)(3) (1980)) by failing to itemize and disclose various fees and charges as types of Finance Charges or to include them in the Finance Charge in connection with closed-end credit transactions.

(g) Section 226.8(b)(3) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. § 226.8(b)(3) (1980)) by failing to identify a payment, which was more than twice the amount of an otherwise regularly scheduled payment, as a Balloon Payment, and disclose the amount of such payment in connection with its closed-end credit transactions.

(h) Section 226.8(b)(5) of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. § 226.8(b)(5) (1980)) by taking an interest in property to secure a closed-end credit transaction and failing to clearly identify that property.

(i) Section 226.9 of Regulation Z of the Board of Governors of the Federal Reserve System (12 C.F.R. § 226.9 (1980)) by extending closed-end credit when the consumer had a right to rescind the credit transaction and not giving the consumer his notice of his right to rescind.

L.Ed. 416 (1954); *see In Re United Corp.,* 249 F.2d 168, 178 (3d Cir.1957).

■ To determine whether substantial evidence supports the FDIC Board's order, this court is not to substitute its judgment for that of the Board. Rather, we must determine from the record whether the Board has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n. v. State Farm Mutual Automobile Ins. Co.,* — U.S. ——, ——, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443, 458 (1983) (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962)). Accordingly, the Administrative Procedure Act requires the FDIC Board to provide a record that furnishes an adequate basis for meaningful review:

The record [of an agency proceeding] shall show the ruling on each finding, conclusion, or exception presented. All decisions . . . are a part of the record and shall include a statement of—

(A) findings and conclusions, and *the reasons or basis therefor,* on all the material issues of fact, law, or discretion presented on the record. . . .

5 U.S.C. § 557(c)(3) (1976) (emphasis supplied); *see Wasson v. SEC,* 558 F.2d 879, 884 (8th Cir.1977).

■ We must decide whether the FDIC Board's order sufficiently articulates its reasons or basis therefor. While reviewing courts generally accord much deference to an agency's expertise and discretion if the agency adopts the findings of the ALJ, *see First National Bank of Eden v. Dept. of Treasury,* 568 F.2d 610, 611 (8th Cir.1978), a slightly different rule applies when the administrative agency rejects the findings of the ALJ. *In re United Corp., supra,* 249 F.2d at 178. The Board's departure from the ALJ's findings is vulnerable if it fails to reflect attentive consideration to the ALJ's decision. *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 853 (D.C.Cir.1970), *cert. denied,* 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971); *American Federation of Television and Radio Artists v. NLRB,* 395 F.2d 622, 628 (D.C.Cir.1968); *See also Retail Store Employees Union, Local 400 v. NLRB,* 360 F.2d 494, 495 (D.C.Cir.1965) (NLRB's departure invalid where it simply stated its belief that facts relied upon by examiner did not support examiner's finding). In determining whether substantial evidence supports the Board's decision, we must consider the ALJ's recommended decision, which is part of the record even though the Board has not fully adopted it. *Universal Camera Corp. v. NLRB, supra* 340 U.S. at 493, 71 S.Ct. at 467 (1951).

■ Upon examination of the record as a whole, we conclude that the FDIC Board failed to articulate sufficiently the reasons and basis for the order, insofar as it pertains to Regulation Z. The FDIC Board, without explaining or giving reasons, set aside the detailed findings and recommendations of the ALJ by adopting the most general findings of fact and conclusions of law. The FDIC Board's Findings of Fact Nos. 3(a) through (i) do no more than repeat verbatim FDIC counsel's proposed Conclusions of Law Nos. 5(a) through (i). The FDIC Board's Conclusions of Law also repeat verbatim FDIC counsel's proposed Conclusions of Law Nos. 5(a) through (i). The FDIC Board's Findings of Fact concerning the Regulation Z violations are thus identical to its Conclusions of Law. Hence, we cannot say that the order was based upon substantial evidence.

The FDIC Board's adoption of FDIC counsel's proposed Conclusions of Law for its Findings of Fact as to Regulation Z demonstrates its failure to consider attentively the ALJ's recommended decision. In the context of agency adjudication, "we demand that the decisionmaker's opinion indicate an appropriate consideration of the evidence and arguments presented." *Harborlite Corp. v. ICC,* 613 F.2d 1088, 1093 n. 11 (D.C.Cir.1979). The FDIC Board's failure to explain its departure from the ALJ's recommended decision does not indicate appropriate consideration of the evidence. Whether the end result reached by the FDIC Board is just and reasonable, we cannot say, since we do not know the findings and reasoning of the Board. *State Corp.*

*Comm'n. of Kan. v. Federal Power Comm'n., supra,* 206 F.2d at 723.

Since the record as a whole does not support the Board's decision as to the Regulation Z allegations, we must not enforce that aspect of the order. *Wasson v. SEC, supra,* 558 F.2d at 885; *Retail Store Employees Union, supra,* 360 F.2d at 496; *NLRB v. Supreme Bedding & Furniture Mfg. Co.,* 196 F.2d 997, 998–99 (5th Cir. 1952); 5 U.S.C. 706(2)(E) (1976). We remand this case to the Board "with direction to set out more fully and particularly the facts and the reasons bearing on its decision" concerning Regulation Z. *State Corp. Comm'n. of Kan. v. Federal Power Comm'n., supra,* 206 F.2d at 722.

### II.

The FDIC argues, nonetheless, that its order as to Regulation Z is proper because "the path followed by the agency can be discerned" and "its statement is sufficiently precise to permit meaningful judicial review." Brief for Appellee at 30 (quoting *Wasson v. SEC, supra,* 558 F.2d at 884). It argues that the court may discern this path by reviewing "a long and detailed record consisting of some 100 docket entries." Brief for Appellee at 30.

We disagree. The path followed by the FDIC Board is not discernible from the record as a whole. The Findings of Fact concerning Regulation Z are no more than bare conclusions adopted verbatim from FDIC counsel's proposed Conclusions of Law. The FDIC Board failed to explain or even indicate consideration of the ALJ's recommended decision. For example, after considerable discussion of specific loans and transactions, the ALJ concluded that the evidence established no pattern of Regulation Z violations. In contrast, without discussing any facts or the ALJ's conclusion, the FDIC Board somehow found a "clear and consistent pattern or practice of action." FDIC Finding of Fact No. 4.

Thus, this case differs from those in which courts have upheld agency decisions of "less than ideal clarity" because the agency's path could be reasonably discerned. *See, e.g., Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285–86, 290–92, 95 S.Ct. 438, 441–42, 444–45, 42 L.Ed.2d 447 (1974) (Discernible rational basis for ICC's treatment of evidence, given examiner's undisputed conclusion that all the carriers were substantial and responsible); *Wasson v. SEC, supra,* 558 F.2d at 884–85 ("No difficulty following the agency's 'path' " in light of defendant's involvement in and control over transaction, and his failure to ask about source of stock or to disclose all information to his superiors). In the present case, the facts are not neatly arrayed in support of the FDIC's order, nor are the FDIC's conclusions with respect to Regulation Z undisputed.

In *Greater Boston Television Corp. v. FCC, supra,* 444 F.2d at 852–53, the court was satisfied that the Commission's opinion showed "a hard look at the problem areas and ... set forth with clarity grounds of reasoned decision. . . ." In particular, when the Commission disagreed with the Examiner's findings, it "made clear not only its awareness of what the Examiner had concluded, but also its reasons for taking a different course." *Id.* at 853. Here the FDIC Board said nothing to explain why it departed from the ALJ's findings. We are not satisfied that the Board took a "hard look" at the relevant issues, or that "the essential basic findings" are apparent. *See International Detective Service, Inc. v. ICC,* 613 F.2d 1067, 1077–78 (D.C.Cir.1979) (ICC order upheld where it considered and balanced all pertinent factors, indicating clearly its theory); *Trans-American Van Service, Inc. v. United States,* 421 F.Supp. 308, 318–19, 331–32 (N.D.Tex.1976) (ICC decision remanded for failure to consider and analyze relevant factors).

The reviewing court should not itself attempt to make up for such deficiencies. *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co., supra,* —— U.S. at ——, 103 S.Ct. at 2867, 77 L.Ed.2d at 458. "We may not supply a reasoned basis for the agency's action that the agency itself has not given," *Id.* (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947)), nor may we "accept appellate counsel's post hoc rationalizations

for agency action." *Burlington Truck Lines, Inc. v. United States, supra*, 371 U.S. at 168, 83 S.Ct. at 245.

If the bare record does not disclose factors considered by the FDIC Board or its construction of evidence, the reviewing court may require further explanation from the Board. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *Madison County Building & Loan Ass'n v. Federal Home Loan Bank Board*, 622 F.2d 393, 396 (8th Cir.1980). This case is remanded to the FDIC Board with direction to further consider the Regulation Z issues, to enter an order supported by appropriate findings and conclusions, and to include its reasons therefor so as to comply with the requirements of 5 U.S.C. § 557(c) (1976).

### III.

On remand the FDIC Board should further consider the appropriateness of reimbursement remedies in this case. The bank argues that the FDIC's cease and desist powers do not permit monetary damages and that to order restitution amounts to an adjudication of private rights by a non-Article III tribunal. The bank also argues that restitution in this case should not be allowed because it constitutes retroactive application of the amendments to the Truth in Lending Act allegedly permitting such a remedy. The FDIC contends that its cease and desist powers do permit a reimbursement remedy, that it seeks to enforce a statutory purpose, not a private right, and that restitution fits squarely within the Truth in Lending Act. Should the FDIC Board on remand enter an order requiring restitution, it should fully articulate its findings and conclusions that justify such a remedy.

### IV.

On remand the Board should also rule on the parties' filed exceptions to the ALJ's recommended decision. The Administrative Procedure Act, 5 U.S.C. § 557(c) (1976), specifically requires that the record show the FDIC's ruling on each exception presented by the parties. Unlike *Borek Motor Sales, Inc. v. NLRB*, 425 F.2d 677, 681 (7th Cir.1970), *cert. denied*, 400 U.S. 823, 91 S.Ct. 45, 27 L.Ed.2d 52 (1970), where the NLRB stated that it had considered the exceptions, the FDIC Board here simply mentioned that the parties submitted exceptions to the recommended decision. Thus the FDIC order does not meet the requirements of Section 557(c).

We have carefully considered the bank's remaining arguments concerning the non-Regulation Z aspects of the FDIC Board's order and have found those arguments to be without merit.

We remand to the FDIC Board for further consideration of the Regulation Z issues in accordance with this opinion. We also retain jurisdiction of this case to consider the Board's order entered pursuant to this remand. The Board should set forth its new findings and certify its amended order within ninety days of this court's opinion. Thereafter the parties shall have thirty days in which to file objections to the Board's order. This court will then review the matter and, if necessary, hear further arguments.