979 F.2d 853
 142 L.R.R.M. (BNA) 2440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ELDORADO DEVELOPMENT & REALTY CORPORATION and RWS
Development Corporation, Petitioners/Cross-Respondents,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner.
 Nos. 92-1286, 92-1321.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Nov. 19, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 The National Labor Relations Board issued an order against RWS Development Corporation as an alter ego of Eldorado Development & Realty Corporation. RWS requests review of the order, and the Board seeks enforcement of its order.
 
 
 2
 The Board issued an order in 1988 against Eldorado, requiring it to pay certain sums of money to three named persons according to a settlement agreement executed in 1982. Eldorado did not pay. On June 26, 1991, the Board filed a Compliance Specification and Notice of Hearing, alleging that Eldorado and RWS are a single employer, so that RWS must remedy the unfair labor practices of Eldorado. The specification, served on Robert Strutz, the President of both Eldorado and RWS, stated that an answer was due within 21 days. The Board did not receive an answer within that time. On July 22, 1991, Scott Gore, representing the General Counsel of the Board, informed Strutz that unless RWS filed an answer by July 29, 1991, Gore would file a motion for summary judgment. Gore also sent Strutz a certified letter confirming their conversation.
 
 
 3
 RWS did not respond by July 29, 1991. The next day Gore sent the Board a motion for summary judgment based upon RWS's failure to file a timely answer. The Board issued an order transferring the case to itself and issued a notice to show cause why the motion should not be granted; the Board gave RWS until August 21, 1991 to respond to the notice to show cause. Later the Board granted the motion for summary judgment.
 
 
 4
 RWS filed a motion for reconsideration, asserting that the law firm of Barrett, Sramek & Jasinski prepared an answer to the compliance specification on July 26, 1991, but neglected to file the response until August 1, 1991, a delay that RWS attributes to the travel schedule of attorney Gerald Sramek.** The Board denied the motion.
 
 
 5
 The Board may make "such rules and regulations as may be necessary to carry out the provisions of [the National Labor Relations Act]," 29 U.S.C. § 156, and is "empowered to construe its own rules free of judicial review unless its construction is so arbitrary as to defeat justice." NLRB v. Dane County Dairy, 795 F.2d 1313, 1319 (7th Cir.1986), quoting NLRB v. Paper Art Co., 430 F.2d 82, 84 (7th Cir.1970). The Board's rules require a respondent to file an answer within 21 days of the service of the specification. 29 C.F.R. § 102.56(a). If the respondent fails to file an answer within the time prescribed, "the Board may ... find the specification to be true and enter such order as may be appropriate." 29 C.F.R. § 102.56(c).
 
 
 6
 RWS argues that the Board should have accepted its untimely filing because RWS did not intentionally disregard the Board's rules. Perhaps, but the Board is entitled to enforce its rules. Busy lawyers can seek extensions, 29 C.F.R. § 102.56(d), but may not disregard the rules. RWS received one extension and did not seek another. Not until filing a motion for reconsideration did RWS explain the late filing. The Board may treat such delay as unjustified. The Board's refusal to accept the answer was not so arbitrary so as to defeat justice.
 
 
 7
 ENFORCED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 **
 The Board's decision states that the answer was postmarked August 20. It makes no difference whether the answer was postmarked August 1 or August 20; the answer was due July 29