**NATIONAL LABOR RELATIONS BOARD.**
**v. TYRRELL COUNTY LUMBER CO.**

No. 6571.

United States Court of Appeals,
Fourth Circuit.

Argued April 15, 1953.

Decided May 6, 1953.

Abraham Siegel, Atty., National Labor Relations Board, Washington, D. C., (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

R. I. Mintz, Wilmington, N. C. (L. Bradford Tillery, Jr., Wilmington, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board finding that the Tyrrell Lumber Company of Columbia, N. C., had been guilty of unfair labor practices at a time when there was an attempt to unionize its employees and had unlawfully refused to reinstate five employees who had gone out on strike. The brief of the company does not controvert the board's findings as to unfair labor practices consisting of interrogation of employees, surveillance of union activities and threats of reprisal, nor the fact that the company refused to reinstate the five employees who had gone out on strike. It contends, however, that it was not required to reinstate the five employees because it had made arrangements for other employees to take their places. The board adopted the findings of the trial examiner to the effect that the company had not replaced the strikers at the time they offered to return to work and that the refusal to reinstate them was "because of their adherence to the union and because

of their concerted activities." We think that this finding is supported by substantial evidence on the record considered as a whole and that the order was properly entered finding the company guilty of unfair labor practices and ordering reinstatement with back pay of the five employees who had been denied reemployment.

The company asks that we order additional testimony to be taken as to whether or not Fleetwood Sykes, one of the five employees, had gone out on strike, in view of testimony that he gave to the contrary in making application for unemployment compensation. This was a matter, however, that should have been gone into in the hearing before the trial examiner, where no effort was made to examine Sykes or to show what was said by him in making the application, although this had occurred months before the hearing. A similar request was made of the board, which denied it on the ground that "it was not sufficiently shown that the proposed new evidence was unavailable at the time of the hearing". With this we agree.

The order of the board will be enforced.

Order enforced.