## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BETTER MONKEY GRIP COMPANY, Respondent.

No. 16278.

United States Court of Appeals
Fifth Circuit.

May 1, 1957.

Rehearing Denied May 29, 1957.

Owsley Vose, Stephen Leonard, Washington, D. C., Theophil C. Kammholz, General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, Ruth V. Reel, Attorney, National Labor Relations Board, Washington, D. C., for petitioner.

Herbert S. Bonney, Jr., William L. Keller, Dallas, Tex., for respondent.

 

Before BORAH, RIVES and BROWN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board, pursuant to Sec. 10(e) of the National Labor Relations Act (29 U.S.C.A. § 151 et seq.), seeks enforcement of its order.[1] The respondent insists: (1) that the Board's factual findings are not supported by substantial evidence; (2) that the Court should remand the proceedings for the purpose of adducing additional testimony; and (3) that the Board's conclusion that respondent's conduct violated Sec. 8(a) (1) of the Act was improper.

For reasons sufficiently appearing in the Board's decision, we are of opinion that substantial evidence on the record as a whole supports its finding that respondent discharged supervisor Robert L. Whaley because he gave testimony adverse to its interests in a prior Board proceeding, and that the Board did not abuse its discretion in denying the respondent's motion that the case be remanded for the purpose of taking additional evidence. We further hold that, under the evidence in the record, the Board was warranted in concluding that the discharge of a supervisor for testifying under the Act interfered with, restrained and coerced non-supervisory employees in violation of Sec. 8(a) (1) [See N. L. R. B. v. Tallade-

ga Cotton Factory, Inc., 5 Cir., 213 F.2d 209, 215–217, 40 A.L.R.2d 404], and that a contrary conclusion is not required by Section 8(a) (4) of the Act. Compare Pedersen v. N. L. R. B., 2d Cir., 234 F.2d 417.

The order is therefore

Enforced.

---

1. Substantially to the effect that respondent, its officers, agents, successors and assigns shall:

1. Cease and desist from:

(a) Inducing or attempting to induce any witness to change his testimony in any proceeding before the National Labor Relations Board or from discharging or in any other manner discriminating against any witness with respect to his hire or tenure of employment or any term or condition of employment because he has given testimony under the Act;

(b) In any other manner interfering with, restraining, or coercing its employees in the exercise of their right to self-organization, to form labor organizations, etc.

2. Take the following affirmative action which the Board finds will effectuate the policies of the Act.

(a) Offer Robert L. Whaley full and immediate reinstatement to his former or a substantially equivalent position, without prejudice to his seniority or other rights and privileges, and make him whole for any loss of pay he may have suffered by reason of the discharge, etc.;

(b) Preserve and make available to the Board or its agents upon request, for examination and copying, all payroll records, etc. necessary to analyze the amounts of back pay due and the rights of employment under the terms of this Order;

(c) Post at its plant in Dallas, Texas, copies of the notice attached hereto, etc.

The Board's decision and order are reported at 115 N.L.R.B. No. 180.