**METAL BLAST, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 15239.

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1963.

Marvin S. Zelman, Cleveland, Ohio (Thomas P. Meaney, Jr., David A. Kaufman, Burke, Haber & Berick, Cleveland, Ohio, on the brief), for petitioner.

Melvin Pollack, National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Broad, Atty. N. L. R. B., Washington, D. C., on the brief), for respondent.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

Petitioner, Metal Blast, Inc., seeks to review and set aside an order of the National Labor Relations Board, which held that the company violated Section 8(a) (3) and (1) of the National Labor Relations Act by discharging John L. Thompson, a company employee serving as union shop steward, on account of union activities, and ordered the company to cease and desist from said unfair labor practice, to offer reinstatement to Thompson, to make him whole for any as union shop steward, on account of union activities, and ordered the company to cease and desist from said unfair labor forcement of its order. The company contends that Thompson was discharged for cause. The Board found that Thompson was discharged because of his protest against the temporary layoff by the company of the employees who worked on the "bagging machines," when no work was available because of a water tank becoming inoperative as a result of a breakdown, although the company continued to keep at work employees in the shipping department, which was not affected by the breakdown. Thompson's protest was based on the fact that the employees laid off were older employees than the ones kept on, which was in violation of seniority rights.

Although the collective bargaining agreement contained no provision regarding seniority, we are of the opinion that Thompson was engaged in a protected union activity in insisting that the company follow seniority in effecting the layoffs. The evidence sustains the contention that Thompson was not merely expressing an individual "gripe," but was speaking for the twenty or more employees who were being laid off. Seniority is a valuable right to those employees who have it and is so recognized among employees generally. A spokesman for such employees is engaging in a concerted activity for the employees' "mutual aid and protection," within the meaning of Section 7 of the Act when he attempts to have such rights recognized by the employer, even though they may not be guaranteed by the bargaining agreement. Ford Motor Co. v. Huffman, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048; N. L. R. B. v. Washington Aluminum Co., 370 U.S. 9, 82 S.Ct. 1099, 8 L.Ed.2d 298; N. L. R. B. v. Guernsey-Muskingum Electric Co-operative, 285 F.2d 8, 12, C.A.6th. Accordingly, Thompson was engaged in a protected activity under the Act in protesting against the action of the company, and, if discharged by the company for that reason it was an unfair labor practice under Section 8(a) (1) and (3) of the Act. N. L. R. B. v. Washington Aluminum Co., supra, 370 U.S. 9, 17, 82 S.Ct. 1099, 8 L.Ed.2d 298.

The company contends that Thompson was not discharged for that reason, but that the discharge was for cause, namely, for inciting a wildcat strike in violation of the collective bargaining agreement. If so, the discharge was not an unfair labor practice. Plasti-Line, Inc. v. N. L. R. B., 278 F.2d 482, 486, C.A.6th; N. L. R. B. v. Draper Corp., 145 F.2d 199, 205, 156 A.L.R. 989, C.A. 4th.

The Board was thus presented a factual question. It found that the company's assigned reason for the discharge was a pretext and that Thompson was discharged because of his protests that the layoffs should be based on seniority. It was the function of the Board to determine the real reason for the discharge and whether the reason given by the employer was a pretext. N. L.

R. B. v. Putnam Tool Co., 290 F.2d 663, 665, C.A.6th. In doing so, it was entitled to draw reasonable inferences from the proven facts. Such inferences, if supported by the evidence as a whole are to be accepted by the Court, even though a contrary inference is possible and would have been drawn by the Court. N. L. R. B. v. Ford, 170 F.2d 735, 739, C.A.6th; N. L. R. B. v. Power Equipment Co., 313 F.2d 438, 441, C.A.6th; N. L. R. B. v. Interurban Gas Corp., 317 F.2d 724, 725, C.A. 6th.

■ The basic facts pertaining to the alleged wildcat strike and the discharge which followed are not in dispute. In our opinion, the inferences drawn by the Board from them were permissive ones, and the finding by the Board that the discharge of Thompson was because of his union activity instead of for cause is supported by the evidence on the record considered as a whole, and must be accepted on this review.

Actually, there was no strike. To justify the discharge for inciting a strike when no strike occurred, the company contends that it acted in the honest belief that Thompson engaged in misconduct justifying his discharge. We agree with the ruling of the Board that it is unnecessary to consider this asserted defense because of the finding that the alleged discharge for cause was a pretext and that the real reason for the discharge was on account of union activities.

■ The company complains of the Board's denial of its motion to introduce additional evidence after the issuance of the Board's order for the purpose of showing the company's friendly relations with and cooperative attitude toward unions and union activities. The granting of such a motion is discretionary with the Board. This evidence could have been introduced at the hearing. We find no abuse of discretion in denying the motion. N. L. R. B. v. West Kentucky Coal Co., 152 F.2d 198, 201, C.A.6th, cert. denied, 328 U.S. 866, 66 S.Ct. 1372, 90 L.Ed. 1636; N. L. R. B. v. Tyrrell County Lbr. Co., 203 F.2d 951, 952, C.A.4th; N. L.

R. B. v. Aluminum Products Co., 120 F.2d 567, 573, C.A.7th; N. L. R. B. v. J. S. Popper, Inc., 113 F.2d 602, 604, C.A. 3rd. See: N. L. R. B. v. Fournier, 182 F.2d 621, 622, C.A.2nd; N. L. R. B. v. Monroe Feed Store, 237 F.2d 116, C.A. 9th; Southport Petroleum Co. v. N. L. R. B., 315 U.S. 100, 104, 62 S.Ct. 452, 86 L.Ed. 718.

Decree of enforcement will be entered.