NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

**B. F. DIAMOND CONSTRUCTION COM-PANY, Inc., and Diamond Manufacturing Company, Inc., Respondents.**

No. 25471.

United States Court of Appeals Fifth Circuit.

April 23, 1969.

Rehearing Denied June 4, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Edward E. Wall, Glen M. Bendixsen, Attys., N. L. R. B., Washington, D. C., for petitioner.

Daniel R. Coffman, Jr., Jacksonville, Fla., for respondents.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

.PER CURIAM:

This is another of the frequent cases in which the Board petitions for enforcement of its bargaining order, entered after finding that the Employer violated § 8(a) (5), 29 U.S.C.A. § 158(a) (5). As with so many, it illustrates again that the supposed speed of administrative proceedings may be very questionable.[1] We conclude without difficulty that the Board's findings are supported by substantial evidence on the record considered as a whole. We therefore enforce.

▇ Briefly, the Board found that the Company (1) did not satisfy the statutory obligation to meet at reasonable times with the Union, (2) failed to furnish information necessary and relevant to bargaining, and (3) in other ways failed to negotiate in good faith with the Union, in violation of section 8(a) (5) and (1) of the Act. Since one such violation is enough to trigger the § 8(a) (5) order, no particularly useful purpose would be served by detailing the evidence

1. The Board's decision and order of February 28, 1967, are reported at 163 NLRB No. 25. The Union was certified on July 1, 1965. Thus nearly four years

have gone by—presumably with neither contract nor bargaining since April 28, 1966.

upon which the Trial Examiner and Board based their findings and conclusions. It is sufficient to say that, as usual, there was a certain amount of conflicting testimony which required credibility resolutions—a function peculiarly within the province of the Trial Examiner and the Board. *See, e. g.*, NLRB v. May Aluminum, Inc., 5 Cir., 1968, 398 F.2d 47, 51; NLRB v. Tidelands Marine Serv., Inc., 5 Cir., 1964, 338 F.2d 44, 47; Martin Sprocket & Gear Co. v. NLRB, 5 Cir., 1964, 329 F.2d 417, 420.

On our thorough examination of the record in the light of applicable standards, we conclude that substantial evidence on the record as a whole supports the Board's finding that the company failed to bargain with the Union in good faith, in violation of § 8(a) (5) and (1) of the Act. See Universal Camera Corp. v. NLRB, 1950, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. That is the end of it. At long last the end is declared.

Enforced.