**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**TEXAS INDUSTRIES, INC., Respondent.**

**No. 28405.**

United States Court of Appeals,
Fifth Circuit.

May 14, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Elmer P. Davis, Director, Region 16, N. L. R. B., Fort Worth, Tex., Corinna Metcalf, Atty., N. L. R. B., Washington, D. C., for petitioner.

George C. Dunlap, Dallas, Tex., for respondent.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

1. Reported at 174 NLRB No. 83.

PER CURIAM:

Pursuant to Section 10(e) of the National Labor Relations Act as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C., Sec. 151, et seq.), the petitioner (Board) seeks enforcement of its February 19, 1969 decision and order[1] finding that the respondent, Texas Industries, Inc. (Company) violated Section 8(a) (1) of the Act, during the course of a Board-conducted representation election, by interrogating employees concerning their attitude toward the Union[2] and their union activities, threatening them with reprisal if they selected the Union as their bargaining representative, threatening employees with strict enforcement of Company rules for voting for the Union, informing them that it was withdrawing benefits previously granted for choosing Union representation and for witholding privileges previously enjoyed by employees in reprisal for the Union's victory in the election. The Board also found violation by the Company of Section 8(a) (1) and (3) of the Act for the discriminatory reprimand and suspension of employee Olan Gasway because of his activities in support of the Union.

The Board's order directed the Company to cease and desist from the unfair labor practices found and from in any like or related manner interfering with, restraining or coercing its employees in the exercise of their Section 7 rights. Affirmatively, the Board's order required the Company to restore to its employees the privileges previously enjoyed of taking home, free of charge, waste concrete and waste sand; to make employee Gasway whole for any loss of pay (actually one week's suspension was involved) suffered by him as a result of the discrimination against him; to rescind the letter of reprimand issued to Gasway in connection with his discriminatory suspension, and to post the appropriate notices.

2. International Union of Operating Engineers, Local 819, AFL–CIO.

Our review of the record as a whole convinces us that substantial evidence upon the record supports the Board's findings that the Company interfered with, restrained and coerced its employees in violation of Section 8(a) (1) of the Act and further that substantial evidence in the record as a whole supports the Board's findings of Section 8(a) (1) and (3) violation of the Act in the discriminatory reprimand and suspension of employee Gasway because of his Union activities. Accordingly, we direct that the Board's order be

Enforced.