## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## VICTOR OTLANS ROOFING CO., Respondent.

### No. 26196.

United States Court of Appeals, Ninth Circuit.

June 23, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D.C., Charles M. Henderson, Director, NLRB, Seattle, Wash., for petitioner.

Frederick Richman, Cooper, Wyatt, Tepper & Plant, Los Angeles, Cal., for respondent.

Before BROWNING, CARTER and TRASK, Circuit Judges.

PER CURIAM:

Larrell Lane, employed as a kettleman by the respondent, Victor Otlans Roofing Co., was discharged. He claimed that the true cause of the discharge was union activity. A charge was filed against the employer before the National Labor Relations Board by Lane's union to this effect and eventually a hearing held before a Trial Examiner on the issues joined by the Employer's denial.

The Trial Examiner found in favor of the union and the employee and entered an order for reinstatement and back pay. A review by the Board resulted in an order affirming the Trial Examiner's findings and order subject to a change in a date which was of no substantial significance.

The case is now before this court upon an application of the National Labor Relations Board pursuant to Section 10(e) of the Act, as amended, 29 U.S.C. Section 151 et seq. for enforcement of its order against Otlans.[1]

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

1. The decision of the Board may be found at 182 N.L.R.B. No. 137.

 Otlans was found by the Board to have violated Section 8(a) (3) and (1) of the National Labor Relations Board by discharging Lane because of his union activity and refusing to reinstate him. A violation of Section 8(a) (3) and (1) may be found where an employee is discharged because he has sought with the aid of his union or with other employees to protest the amount of his pay or his working conditions. Shattuck Denn Mining Corp. v. N.L.R. B., 362 F.2d 466, 468 (9th Cir.1966). That is what Lane did and upon conflicting evidence involving the credibility of witnesses, the Board found against the employer.

We have reviewed the testimony and it is apparent from it that substantial evidence on the record considered as a whole supports the Board's findings. N.L.R.B. v. Ayer Lar Sanitarium, 436 F.2d 45, 49 (9th Cir.1970).

We also conclude that the Trial Examiner did not abuse his discretion in declining to reopen the hearing to hear evidence that was available at the time of hearing.

The order of the Board is enforced.