**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**GROENDYKE TRANSPORT, INC. and Ann Myers Bell d/b/a Bell Transport Company, Respondents.**

No. 73-3327

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 26, 1974.

Rehearing Denied June 19, 1974.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

**18**

———◆———

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Elmer P. Davis, Director, Region 16, N.L.R.B., Ft. Worth, Tex., for petitioner.

G. William Baab, Dallas, Tex., for intervenor Southern Conference of Teamsters.

Cliff W. Ratner, R. R. Barnes, Wichita, Kan., Hugh E. Hackney, Houston, Tex., for respondents.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM.

In this enforcement proceeding, the respondent companies challenge the National Labor Relations Board's findings of unfair labor practices, its order setting aside the election, and its order to bargain with the intervening union upon request. 204 N.L.R.B. No. 27 (1973). We grant enforcement in full.

The Board, which adopted the opinion of the Administrative Law Judge, found the following section 8(a)(1) and (3) violations: threats to discharge union adherents, illegal interrogation of employees as to union support, offers of improved working conditions, threats of more unpleasant working conditions and withholding of benefits, and the discriminatory discharge of one leading union adherent and the demotion of another. The Board found that the union once held a clear majority of authorization cards, but that its strength had been dissipated by respondents' conduct, so that the election resulted in a tie vote. Finally, the Board found that its traditional remedies would probably not restore the laboratory conditions necessary for a free and fair election and that a bargaining order was required to protect the employees' statutory rights.

We are convinced that the Board's findings of 8(a)(1) and (3) violations are supported by "substantial evidence on the record considered as a whole." Universal Camera Corp. v. NLRB, 340 U.S. 474, 491, 71 S.Ct. 456, 466, 95 L.Ed. 456 (1951). The main thrust of the companies' attack challenges the Administrative Law Judge's explicit findings as to witness credibility. Credibility determinations, however, are for the administrative trier of facts and not for this Court. NLRB v. B. F. Diamond Construction Co., 410 F.2d 462 (5th Cir.), cert. denied, 396 U.S. 835, 90 S.Ct. 94, 24 L.Ed.2d 86 (1969); NLRB v. May Aluminum, Inc., 398 F.2d 47 (5th Cir. 1968).

The acts themselves are clearly unfair labor practices. See, e. g., Chevron Oil Co. v. NLRB, 442 F.2d 1067 (5th Cir. 1971); NLRB v. Texas Industries, Inc., 426 F.2d 812 (5th Cir. 1970); NLRB v. Varo, Inc., 425 F.2d 293 (5th Cir. 1970). Respondents, however, contend that the Board was not warranted in setting aside the election, pointing out that the discriminatory discharge occurred after the election. The rest of the unfair labor practices, with the exception of one threat, occurred before the election and the Board was within its discretion in setting aside the election on the basis of that conduct.

Finally, the companies' challenge to the propriety of the bargaining order under NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), must also fail. The unfair labor practices that occurred both before and after the election fall within the scope of the second category of cases for which *Gissel* authorized the issuance of bargaining orders. See, e. g., NLRB v. Orlando Paper Co., 480 F.2d 1200 (5th Cir. 1973); NLRB v. Kaiser Agricultural Chemicals, 473 F.2d 374 (5th Cir. 1973); NLRB v. WKRG–TV, Inc., 470 F.2d 1302 (5th Cir. 1973).

Enforced.