NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SEAFARERS INTERNATIONAL UNION
OF NORTH AMERICA, ATLANTIC,
GULF, LAKES & INLAND WATERS
DISTRICT, AFL–CIO, Respondent.

No. 73–2314.

United States Court of Appeals,
Fifth Circuit.

July 5, 1974.

Elliott Moore, Deputy Assoc. Gen. Counsel, NLRB, Washington, D. C., Louis V. Baldwin, Jr., Director, Region 23, NLRB, Houston, Tex., Charles P. Donnelly, Atty. NLRB, Washington, D. C., for petitioner.

W. Arthur Combs, Joseph F. Archer, Houston, Tex., Howard Schulman, New York City, for respondent.

Before RIVES, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions us for enforcement against Seafarers International Union of an order to cease and desist from certain unfair labor practices, to post a remedial notice, and to take affirmative action to cure its discrimination against one of its

members, James Moyles. 202 N.L.R.B. No. 91 (1973). The Board found that the Union had violated sections 8(b)(1)(A) and (2) of the National Labor Relations Act, 29 U.S.C.A. § 158 (b)(1)(A), (2), by denying Moyles his rightful employment referral seniority classification because he refused to pay a fine, dues, and an initiation fee not uniformly required of Union members by Union practice. The Union is concerned about the precedent that may be established if we enforce the order. It argues that it did not have to refer Moyles in his former classification because under the Union constitution, which was not in evidence in this case, he was not a member in good standing and because under the Shipping Rules governing referral he had lost that classification. On the record of this case, however, and without deciding what the outcome of the case might have been had the Union constitution been before the Board or had the record established that Moyles was not entitled to referral under the Shipping Rules, we enforce the Board's order as being within its discretion, procedurally and substantively. Thus the case stands on its own unusual facts and lacks precedential value for the broad issues which concern the Union. In this situation, a brief opinion is sufficient.

Under standard collective bargaining agreements with approximately 100 steamship lines, the Union operates exclusive hiring halls at each port, through which seamen are referred for shipping employment. The Standard Freightship Agreement and the Shipping Rules promulgated thereunder establish three seniority classifications for referral. Level "C" is the lowest rating. A C-rated seaman qualifies for a B-rating when, and for as long as, he has "shipped regularly" (has sailed at least 90 days a year for two consecutive years on vessels covered by Union contracts). A B-rated seaman becomes eligible for an "A" seniority classification when he has shipped regularly for eight consecutive years and has completed an advance course of training. The shipping regularly re-

quirement, however, is tolled when a Union member is an in or out-patient at a United States Public Health Service Hospital or other accredited hospital. When work is available, A-rated seamen are referred before those with B-ratings, while those with B-ratings are referred before C-rated men.

James Moyles testified that he joined the Union and began sailing as a merchant seaman in 1960. He had obtained a B-rating by late 1967 when he was pronounced unfit for duty because of tuberculosis. In early 1970, he was declared again fit for duty. He thereupon applied to the Union and was issued a "B" card on which he accumulated 199 days shipping time that year. He had sailed another 108 days by the middle of 1971 when he was confronted by Union officials demanding dues for 1968 and 1969, a fine, and a new initiation fee. Moyles offered to pay dues for the second and third quarters of 1971, stating he did not owe dues for 1968 and 1969 because he had not been fit to sail. His tender was refused and the Union subsequently refused to refer him as a B-man. On these facts, the Board found that the Union had violated sections 8(b)(1)(A) and (2) by denying Moyles a B-rating because he refused to pay a fine, dues, and an initiation fee not uniformly required by Union practice.

After an adjudicatory hearing, the Administrative Law Judge concluded that the Union had violated sections 8(b)(1)(A) and (2) because of the effect of the Texas right-to-work law on Moyles' obligation to pay dues. The Board did not pass on this conclusion, and neither shall we. Instead, the Board held the Union had not proved that its refusal to refer Moyles in his proper seniority classification was solely because of his monetary delinquency. As the Board has the ultimate responsibility for decision, it may properly reach its determination on grounds different from those of its hearing officer. *See* Universal Camera Corp. v. NLRB, 340 U.S. 474, 492, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Mississippi River Corp. v. FTC, 454 F.2d 1083, 1089 (8th Cir. 1972).

■ According to the Union its constitution would have shown that Moyles was not a member in good standing at the time the Union refused to refer him in his previous "B" classification. Although the Union at the hearing did not proffer the constitution into evidence, it now urges that the Administrative Law Judge was remiss in his "duty . . . to inquire fully into the facts." 29 C.F.R. § 102.35 (1973). But this is not a case of a counselless litigant requiring affirmative assistance from the hearing officer to establish his case. *See, e. g.,* Sellars v. Secretary, Department of HEW, 458 F.2d 984 (8th Cir. 1972). Having failed to offer its constitution until after the hearing had closed and the Administrative Law Judge's opinion had issued, the Union cannot now shift its responsibility to the Administrative Law Judge. *See* NLRB v. Tyrrell County Lumber Co., 203 F.2d 951 (4th Cir. 1953).

■■ In a further effort to obtain consideration of its constitution, the Union alleges error in the Board's denial of a post-hearing motion to reopen the proceedings to consider the constitution. The determination on motion for reopening and reconsideration rests with the Board's sound discretion. NLRB v. Central Power & Light Co., 425 F.2d 1318 (5th Cir. 1970); NLRB v. Better Monkey Grip Co., 243 F.2d 836 (5th Cir.), cert. denied, 355 U.S. 864, 78 S.Ct. 96, 2 L.Ed.2d 69 (1957); *cf.* Radio Corporation of America v. United States, 341 U.S. 412, 71 S.Ct. 806, 95 L.Ed. 1062 (1951). Here the evidence proffered in the motion to reopen was neither newly discovered nor unavailable to the Union's trial counsel at the time of the hearing. Under the circumstances, we cannot hold that the Board abused its discretion. NLRB v. Victor Otlans Roofing Co., 445 F.2d 299 (9th Cir.

1971); Food Store Employees, Local 347 v. NLRB, 135 U.S.App.D.C. 341, 418 F.2d 1177 (1969).

■■ The Union's challenge to the Board's findings rests to a large extent upon evidence contradictory to testimony given by Moyles. The Administrative Law Judge, however, made an explicit credibility finding in favor of Moyles. Credibility choices are the province of the administrative trier of fact not of this Court. NLRB v. Groendyke Transport, Inc., 493 F.2d 17 (5th Cir. 1974); NLRB v. Standard Forge & Axle Co., 420 F.2d 508 (5th Cir. 1969), cert. denied, 400 U.S. 903, 91 S.Ct. 140, 27 L. Ed.2d 140 (1970). In part the Union relies on its constitution, which, as noted, it failed to introduce into evidence. On the record, we think the Board could properly credit Moyles' testimony in finding as a fact that the Union did not require dues of members physically unfit for duty. Moyles' testimony as to his understanding of the operation of the Shipping Rules was sufficient to permit the Board to decide that in actual practice, despite the language of the Shipping Rules, unfitness for duty regardless of hospital in or out patient status was sufficient to toll the shipping regularly provision.

This opinion is not to be taken as authority establishing dues or referral custom and usage. It merely decides this case on what this record reflects. Perhaps other evidence might show a waiver of dues only when a seaman is an in or out-patient of a hospital, or that Moyles could not have been referred as a B-man in any event because of the requirements of the Shipping Rules, but any such evidence is not in this record and can be given no consideration in the disposition of this case.

Enforced.