**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL–CIO, and its Local Union No. 1566, Respondent.**

**No. 80–1567.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1981.

Decided Oct. 16, 1981.

Richard Connolly, N.L.R.B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Andrew F. Tranovich, Washington, D.C., on brief), for petitioner.

Susan Scheid, Asst. Gen. Counsel (Arthur M. Goldberg, Gen. Counsel, Washington, D. C., on brief), for respondents.

Before WIDENER and PHILLIPS, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of an order against the respondent International Union and its Local for a violation of § 8(b)(1)(A) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A). We grant enforcement pursuant to § 10(e) of the Act, 29 U.S.C. § 160(e).

This case arises from the respondents' refusal to sign an agreement which would have allowed Belding Corticelli Fiberglass Fabrics Co. to rehire Mrs. Virginia Overstreet. Belding Corticelli had fired Mrs. Overstreet for violating company absentee regulations, and could not rehire her without the Unions' acquiescence. She earlier had resigned from the Unions, and this led the Administrative Law Judge to conclude that the Local's refusal to sign the agreement was improperly motivated and thus an unfair labor practice. The ALJ made his finding, however, against only the Local and not the International, after finding it significant that the allegations in the complaint listed the International and Local as "respondent" and not as "respondents."

In addition to objecting to the ALJ's order, the General Counsel petitioned the NLRB to reopen the record prior to deciding the case so as to allow introduction of the full collective bargaining agreement between the Unions and Belding Corticelli rather than only excerpts which had been introduced by agreement. The NLRB allowed the record to be reopened and subsequently concluded that both the International and Local were responsible for the violation. The International now asserts that the NLRB abused its discretion in reopening the record and that enforcement of the Board's order should be denied against the International. There is no claim that the finding of a § 8(b)(1)(A) violation against the Local is incorrect.

The NLRB's rules and regulations provide:

> Upon the filing of timely and proper exceptions, and any cross exceptions, or answering briefs, as provided in § 102.46, the Board may decide the matter forthwith upon the record, or after oral argument, or may reopen the record and receive further evidence before a member of the Board or other Board agent or agency, or may make other disposition of the case.

29 C.F.R. § 102.48(b) (1980).[1] Courts generally have shown the same deference to the NLRB as to a district court in its decisions with regard to whether to reopen the record in a particular case, and will not upset the decision of the Board in those matters absent an abuse of discretion. See e. g., *NLRB v. Jacob E. Decker & Sons, Inc.*, 569 F.2d 357, 363 (5th Cir. 1978); *NLRB v. Yale Manufacturing Co.*, 356 F.2d 69, 71 (1st Cir. 1966); *Metal Blast, Inc. v. NLRB*, 324 F.2d 602, 604 (6th Cir. 1963); cf. *NLRB v. Lloyd Wood Coal Co.*, 585 F.2d 752, 755 (5th Cir. 1978) (court ordered NLRB to reopen record because of abuse of discretion).

In the instant case, the Board reopened the record to allow introduction of the full collective bargaining agreement which was made between the employer and the "Textile Workers Union of America, AFL–CIO." The agreement was quite relevant to the underlying question because the Unions asserted that they would not allow Mrs. Overstreet to be rehired because that would violate the collective bargaining agreement. They offered no objection when parts of the collective bargaining agreement were introduced at the hearing, and, in fact, the excerpts were offered as a joint exhibit.[2]

---

\* United States District Court for the Eastern District of Virginia, sitting by designation.

1. In its brief, the International refers only to § 102.48(d)(1) which applies "after the Board decision or order." See also *id.* § 102.48(d)(2). In this case, reopening was sought before an order or decision by the Board which relies upon § 102.48(b).

2. The general counsel has said the full collective bargaining agreement was not introduced at the hearing in an effort to save expense and time.

We note that the International was an active participant in all the proceedings below. An assistant general counsel of the International represented both the International and the Local before the NLRB, and a regional vice-president of the International represented the Local.[3] Thus, not only was the International a party to the proceeding and represented, the two International officials were fully capable of protecting any interests of the International during the proceedings. Furthermore, while the International objected to reopening of the record by the Board to allow introduction of the full collective bargaining agreement, it has made no effort to offer any evidence disputing the agency relationship between the International and the Local. In fact, the International, before this court, offers no argument that, with the collective bargaining agreement as evidence, the NLRB could not properly find such an agency relationship.

In view of the facts we have stated, we are of opinion the NLRB did not abuse its discretion in reopening the record to allow introduction of the full collective bargaining agreement. There is thus no reason to overturn its finding that the International was a full party to this proceeding and jointly responsible with the Local.

Pursuant to § 10(e) of the National Labor Relations Act, we grant enforcement of the order below, *Amalgamated Clothing and Textile Workers Union, AFL–CIO and its Local Union No. 1566*, 246 NLRB No. 115 (1980).

*ENFORCEMENT GRANTED.*

**3.** According to the hearing transcript, the assistant general counsel of the International was at the hearing "appearing on behalf of ACTWU and its Local 1566." The regional vice-president was "appearing on behalf of ACTWU Local 1566."